UNITED STATES v. JOHNS–MANVILLE et al.

No. 1817.

District Court, N. D. Illinois, E. D.

Jan. 3, 1941.

292

J. Albert Woll, U. S. Atty., of Chicago, Ill., Leo F. Tierney and Samuel S. Isseks, Sp. Assts. to Atty. Gen., and Kurt Borchardt and Marcus A. Hollabaugh, Sp.

Attys., both of Washington, D. C., for plaintiff.

Lee J. Gary, Scott, MacLeish & Falk, Joseph B. Fleming (of Kirkland, Felming, Green, Martin & Ellis), Marshall & Marshall, and Poppenhusen, Johnston, Thompson & Raymond, all of Chicago, Ill., for defendants.

HOLLY, District Judge.

This is an action brought by the Government charging that the various defendants, Johns-Manville Corporation, Johns-Manville Sales Corporation, Eagle Picher Lead Company, General Insulating and Manufacturing Company, United States Gypsum Company, the Barrett Company and Slayter and Company, have engaged in a conspiracy in restraint of trade and commerce in violation of the Sherman Anti-Trust Act, 15 U.S.C.A. §§ 1–7, and Clayton Act, 38 Stat. 730. In its complaint the Government prays that the agreements, understandings and practices set out in the complaint be adjudged and decreed to be in violation of the Anti-Trust Act and the Clayton Act and that the observance of such agreements and the execution of similar agreements be perpetually enjoined.

The various defendants have filed motions in which they ask that the complaint be dismissed, or in the alternative (a) that the plaintiff be required to furnish the defendants a bill of particulars or (b) that certain paragraphs of the complaint be stricken as redundant, immaterial and impertinent (c) that plaintiff file an amended complaint stating separately its claims under the Sherman and Clayton Acts respectively.

As to the motions to dismiss and for a bill of particulars, all of the defendants complain that the plaintiff has not set out facts showing a combination of the restraint of trade on the part of defendants but the allegations consist merely of the conclusions of the pleader. Paragraph 6 on page 14 of the original brief of defendant, Johns-Manville Corporation and others is typical. The paragraph is as follows:

"In Paragraph 63 there is found an allegation that after the execution of said licenses agreements, this defendant and

others met repeatedly with Slayter, 'for the purpose of formulating policies with respect to' establishing prices and considering different licenses to manufacturers * * *. Where and when were these meetings, who was present, and, above all, what happened? To say that the purpose was to formulate policy is undeniably a conclusion of the pleader unless the facts are shown what the purpose was and the defendant is totally unable to formulate a responsive pleading unless some supporting facts are alleged."

In another part of the same brief it is objected that in paragraph 43 of the complaint the allegations that an "understanding" was had concerning the price stabilization states only the conclusion of the pleader. These items are given as illustrative of the whole argument of all the defendants on this subject.

It is true that it has been said many times by courts that pleadings should contain statements of fact and not the conclusions of the pleader. It has also been said that the pleader should set forth ultimate facts and not evidence, but where the line may be drawn between an "ultimate" fact and a "conclusion of the pleader" is something the courts have never been able to say. The object of the pleading is to give the opposite party notice of the claim that will be made against him or the defense that will be interposed. Rule 8(a) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, provides that the complaint shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Forms are annexed to the Rules, among them forms of complaint that are undoubtedly intended to illustrate the manner in which the charge of the plaintiff should be set out. In those forms provision is not made for setting out in detail the acts complained of but merely what counsel for defense would undoubtedly call "mere conclusions of the pleader". See Forms 9, 10, 11 for example.

In this action the Government charges a conspiracy, and it must be remembered that the existence of a combination to restrain trade such as charged here can seldom be proved by the evidence of witnesses to the effect that the parties have entered into a specific, oral or written agreement for that purpose. The proof usually consists of evidence of circumstances from which that conclusion follows. The allegation of the complaint in such cases cannot, in the nature of things, be as definite and specific as in cases of a different character. It is not necessary or proper for the pleader to set out in his complaint the circumstances from which he draws his conclusions. Nor is it necessary that such circumstances be set out to enable the defendant to answer. The complaint in this case charges agreements and understandings between the defendants of a nature condemned by the Sherman Anti-Trust Act and the Clayton Act, and with sufficient particularity to enable the defendants to answer.

Since the filing of the original briefs herein counsel for the Johns-Manville Corporation have called my attention to the case of Lowe et al. v. Consolidated Edison Co., Inc., D.C.S.D.N.Y., 67 F.Supp. 287. I have not seen the complaint in that case and therefore cannot compare it with the case at bar. I can only say that in this case I consider a bill of particulars unnecessary.

Counsel for The Barrett Company in a supplemental brief say that the complaint as to that company should be dismissed because it is nowhere charged that it was engaged in interstate commerce. I have not re-examined the complaint to determine the truth of this statement for it is charged in apt terms that a conspiracy to restrain interstate commerce existed and that said defendant joined it. One may be a party to a conspiracy to restrain interstate commerce though he himself is not engaged in such commerce.

The motions to dismiss and for a bill of particulars will be denied.

The objection that the complaint is redundant and contains some matter that is immaterial rests on a somewhat better foundation. But I find nothing in it that is impertinent or scandalous. The allegations which appear to me now to be immaterial are not so numerous as to place an undue burden on defendants in answer-

ing. While much is alleged that is unnecessary in a pleading, the facts set out are material to the case and, probably, defendants would have been entitled to them on motion for a bill of particulars or discovery, and their inclusion is not harmful. The motions to strike will be denied.

Nor do I think plaintiff should be required to state in its complaint what particular acts of defendant are charged to constitute a violation of the Sherman Act and which the Clayton Act. It will be for the court to determine that question.

In the briefs of some of the defendants it is urged that a patent of Slayter's justified them in fixing prices, etc. While I am not finally passing on that question my impression is that the patent is not valid. Further, defendants are not charged with combining to restrict sales or fix prices of the patented article, but the insulating material which was put into place by means of the Slayter machines.

The various motions of the defendants above mentioned are denied.