## UNITED STATES v. EMPLOYING LATHERS ASSOCIATION OF CHICAGO AND VICINITY ET AL.

No. 439.  Argued February 3, 1954.—Decided March 8, 1954.

*Charles H. Weston* argued the cause for the United States. With him on the brief were *Acting Solicitor General Stern, Assistant Attorney General Barnes* and *Marvin E. Frankel.*

*Leo F. Tierney* argued the cause for the Employing Lathers Association of Chicago and Vicinity et al., appellees. With him on the brief was *Charles L. Stewart, Jr.*

*Lester Asher, Nathan M. Cohen* and *Robert S. Fiffer* submitted on brief for Local No. 74 of the Wood, Wire and Metal Lathers International Union of Chicago, Illinois and Vicinity, appellee.

MR. JUSTICE BLACK delivered the opinion of the Court.

This civil action was brought by the Government in a Federal District Court of Illinois against appellees, a trade association of Chicago lathing contractors, two of

its member contractors, and a local labor union composed of lathers. The complaint charged a violation of § 1 of the Sherman Act which forbids combinations or conspiracies in restraint of trade or commerce among the states. 15 U. S. C. § 1.* The District Court dismissed the complaint on the ground that it failed to state a cause of action on which relief could be granted. At the same time and for the same reason it dismissed a similar complaint charging a Chicago plasterers' association and a local plasterers' union with violating § 1 of the Sherman Act. Both cases were brought here on direct appeal by the Government under authority of 15 U. S. C. § 29. We have just reversed the District Court's dismissal of the complaint against the plastering group, *United States* v. *Employing Plasterers Assn. of Chicago, ante,* p. 186. Despite some differences in the two complaints, the reasons for reversing the plasterers' case are equally applicable here.

This complaint shows:

> A substantial quantity of lathing material used on Chicago jobs is produced in states other than Illinois, sold by the producers to Chicago building material dealers, shipped interstate either to the Chicago dealers or to their plastering contractor customers, and finally delivered by the plastering contractor to his lathing contractor for use on local building jobs. The alleged conspiracy here is among these lathing contractors and the union whose members do the actual lathing. This combination, according to the complaint, has achieved almost complete mastery over the lathing business in the Chicago area. It limits the number of lathing contractors, prescribes their qualifications, decides who meets the standards

---

*The Government complaint also charged a violation of § 2 of the Sherman Act but that claim is not pressed here.

prescribed, excludes persons from the business on varied grounds, including arbitrary racial standards, and assigns plastering contractors to each lathing contractor. All of these allegations and more show a substantial suppression of competition in the lathing business.

The complaint charges that an effect of the alleged combination and conspiracy has been that "[i]nterstate trade and commerce in lathing and related building materials has been unlawfully restrained." Other allegations emphasize this charge by asserting that any restraint upon lathing work in Chicago "necessarily and directly restrains and affects the interstate flow of lathing materials, and . . . building materials . . . ."

The complaint does state a cause of action on which relief can be granted on proper proof.

*Reversed.*

[For dissenting opinion of MR. JUSTICE MINTON, joined by MR. JUSTICE DOUGLAS, see *ante*, p. 190.]