**UNITED STATES**

**v.**

**EMPLOYING LATHERS ASS'N OF CHICAGO AND VICINITY et al.**

**UNITED STATES**

**v.**

**EMPLOYING PLASTERERS ASS'N OF CHICAGO AND VICINITY et al.**

**Nos. 10970, 10971.**

United States Court of Appeals
Seventh Circuit.

May 11, 1954.

Charles H. Weston, Department of Justice, Antitrust Division, Washington, D. C., Earl A. Jinkinson, Antitrust Division, Chicago, Ill., for appellant.

Leo F. Tierney, Charles L. Stewart, Lester Asher, Joseph Gubbins, Leo Segall, Holland F. FlaHavhan, Nathan M. Cohen, Daniel D. Carmell, Howard Ellis, Thomas M. Thomas, Don H. Reuben, Chicago, Ill., for appellee.

Before MAJOR, Chief Judge, and DUFFY and LINDLEY, Circuit Judges.

LINDLEY, Circuit Judge.

In these appeals the United States filed motions asking us to dispose of each by summary order remanding the same to the District Court, on the ground that, by intervening decisions since the appeals were taken, the Supreme Court, in the cases of United States v. Employing Lathers Ass'n, etc., 1954, 347 U.S. 198, 74 S.Ct. 452, and United States v. Plasterers' Ass'n, etc., 1954, 347 U.S. 186, 74 S.Ct. 452, has determined the law finally and adversely to the contentions of appellees on these appeals.

The procedural facts and issues in both appeals are substantially identical and all statements herein are applicable to each unless otherwise noted.

These are two of five related cases, arising under the antitrust laws, 15 U.S. C.A. § 1 et seq., filed in the District Court for the Northern District of Illinois, all of which were dismissed on motions on July 20, 1953, 118 F.Supp. 387. With one of the five, we are not now concerned,—Howard v. Local 74, Wood, Wire and Metal Lathers Int. Union, etc., No. 53 C. 125 below, appeal dismissed on motion, 7 Cir., 208 F.2d 930, a private suit for damages under Section 4 of the Clayton Act, 15 U.S.C.A. § 15.

A brief history of the four remaining cases and of the inter-relationship between them follows. They were all antitrust actions filed by the United States, each based on essentially similar factual averments. The United States v. Employing Lathers Ass'n, etc., No. 52 C 1639, was a civil action alleging a conspiracy between the named defendant and others to violate those laws by practices designed to, and tending to restrain commerce unduly and to monopolize the lathing trade in the Chicago area. An indictment in a companion case, United States v. Employing Lathers Ass'n, etc., No. 52 CR 331, No. 10970 here on appeal, alleged substantially the same facts as did the complaint in 52 C 1639 and charged the defendants with criminal offenses in violation of the antitrust laws. United States v. Employing Plasterers Ass'n, etc., No. 52 C 1640, and United States v. Employing Plasterers Ass'n, etc., No. 52 CR 332, No. 10971 here on appeal, by civil complaint and indictment respectively, charged like monopolistic practices by the defendants in the plastering trade in the Chicago area as violative of the Act.

In the District Court the respective defendants moved to dismiss the complaints in Nos. 52 C 1639 and 52 C 1640, and the indictments in 52 CR 331 and 52 CR 332, on the ground that the respective pleadings failed to state a cause of action or an offense under the laws. Specifically, all defendants in each cause moved to dismiss on the ground that

the monopoly charged was local in character, not in or affecting interstate commerce. In No. 52 CR 331 (10970), defendant, Local 74, etc., urged the additional ground that the activity charged was labor union activity expressly exempted from the operation of the antitrust laws by Section 6 of the Clayton Act, 15 U.S.C.A. § 17. In No. 52 CR 332 (10971), defendants, Journeymen Plasterers, etc., Local 5 and William Dalton, based their motion on the additional ground that the monopolistic practices charged were labor activities sanctioned by the laws of the United States, specifically by Section 20 of the Clayton Act, 29 U.S.C.A. § 52, as exempt from the antitrust laws. The respective motions against the complaints in Nos. 52 C 1639 and 52 C 1640 raised substantially the same grounds.

The motions came on to be heard at a combined hearing on July 13, 1953, together with a like motion in the Howard case, 53 C 125. Each motion was granted, for the reason, as the court found, that the actions charged were local in character, did not constitute activity in interstate commerce and did not affect such commerce. The court did not consider the averments raised by the unions in the respective causes that the activity complained of was within the pale of concerted union activity permitted and sanctioned by the laws of the United States and expressly exempted from the operation of the antitrust laws by 29 U.S.C.A. § 52 and, more specifically by 15 U.S.C.A. § 17.

The trial court dismissed the indictments involved here and likewise dismissed the complaints in the companion civil actions, solely on the ground that the conspiracy or monopolistic combination charged was local in nature, did not affect interstate commerce and was not, therefore, actionable under the antitrust laws. The court did not, in any of the cases, rule on the sufficiency of the allegations made to support the charge made, assuming applicability of the antitrust laws. The United States filed an appeal in each cause, to this court in the criminal causes, and, as provided by the expediting statutes, 15 U.S.C.A. § 29, to the Supreme Court of the United States in the civil causes. On stipulations of the parties that the cases before us "present the same issues as are presented in an appeal to the Supreme Court taken by the United States" from the judgments dismissing the respective civil actions against defendants, we stayed further proceedings here until the Supreme Court had decided the appeals taken to that court. On March 8, 1954 the Supreme Court rendered decisions reversing the respective judgments. United States v. Employing Lathers Ass'n, etc., 347 U.S. 198, 74 S.Ct. 452; United States v. Employing Plasterers' Ass'n, etc., 347 U.S. 186, 74 S.Ct. 452. These motions followed. The first issue before us on each appeal, as it was before the Supreme Court in the civil appeals, is whether the trial court erred in holding the illegal combination, if any, to be local in character.

Thus the Supreme Court summarized the trial court's conclusions: "The District Court did not question that the foregoing [allegations in the complaint] and other factual allegations showed a combination to restrain competition among Chicago plastering contractors. But the court considered these allegations to be 'wholly a charge of local restraint and monopoly,' not reached by the Sherman Act. And the court held that there was no allegation of fact which showed that these powerful local restraints had a sufficiently adverse effect on the flow of plastering materials into Illinois." The court then ruled that the District Court had erred in this determination. United States v. Employing Plasterers' Ass'n, etc., 347 U.S. 186 at pages 188, 189, 74 S.Ct. 452, at page 453.

■ That the quotation fairly summarizes the lower court's conclusions is borne out by that court's memorandum opinion in each case and by the remarks

of the trial judge transcribed during the course of the proceedings on July 13, 1953, when all four causes were decided. In its memorandum, the court said of the averments of the indictments: "This is wholly a charge of local restraint and monopoly by local labor and a local lathers association, all confined to three counties in the State of Illinois. * * * Whatever restraint there is occurs after all the buying and selling is completed. The flow of commerce is not unlike the flow of water and the statute is designed to prevent a break in the pipes through which interstate commerce flows across state lines and to the consumer. The statute is not designed to apply to the use the consumer makes of the articles of commerce after the consumer has completed his purchase * * *. The Sherman Act was not intended by Congress to interfere with local affairs, even though they might be unfair and malicious and economically unsound. * * * In the light of the authorities, it is the view of this court, indictments and complaints do not state an offense or cause of action under the antitrust laws."

The same view is variously expressed by the court in the transcript of the July 13 proceedings. For example: "The indictment alleges that customarily lathing materials installed by lathing contractors in the Chicago area are purchased from building material dealers in the Chicago area who purchase said material from out-of-state concerns * * *. I am taking the Chicago area to mean the State of Illinois. As far as I can find, there is nothing in the allegations that indicates anything else than that when they speak of the Chicago area the reference is to Chicago, Cook County, DuPage County, Lake County * * * not crossing any state lines. * * * There is not anything there I can see, any allegation, that the plastering contractor buys that from out-of-state himself. If he did, if there were such an allegation * * * then

we would have to go to trial on the issues, because there would then be involved commodities passing in interstate commerce. But that is not the situation as I see it here. * * * We are dealing here with a local restraint and monopoly of local labor, and when I say local I mean Illinois, * * * restraint upon local labor service, Illinois service. * * * Whatever restraint there is takes place after all the buying and selling is done, the water line is complete and the water is being sprayed out, so to speak, and they are picking it up in buckets and doing what they are doing with it, but they are not cutting the line above. * * * This indictment is brought specifically under and is limited to and deals only with the Sherman Act. It is purely conjectural that this practice may remotely and indirectly affect the flow of commerce." These quotations are representative of the whole of the opinion expressed by the court, both orally and in its written memorandum. The Supreme Court's determination of this issue is conclusive upon us, and to this extent these appeals are controlled by the intervention of its judgments.

Appellees oppose the motions on the ground, inter alia that the Supreme Court did not consider the sufficiency of the averments of a violation of Section 2 of the Sherman Act, 15 U.S.C.A. § 2. In the causes before us, like charges are contained in count two of each indictment. The Government abandoned these charges before the Supreme Court and assures us now of its intent, on remand of these causes, to move for the dismissal of count two of each indictment. We think we may rely on this statement of the Government's intention and consider the indictments as if count two has been removed from each indictment.

We need consider briefly, however, whether the averments of the unions invoking the labor relations laws remove these defendants from the operation of the antitrust laws, i. e., wheth-

er the judgment of the court below may be sustained on this ground. The Supreme Court disposed of the contention made by the Plasterers' Local 5 of immunity under Section 20 of the Clayton Act as being without merit, since the allegations of the complaint sufficiently charged "that the union and its president have combined with business contractors to suppress competition among them. Allen Bradley Co. v. Local Union No. 3, 325 U.S. 797, 65 S.Ct. 1533, 89 L.Ed. 1939." U. S. v. Employing Plasterers' Ass'n, etc., et al., 347 U.S. 186 at page 190, 74 S.Ct. 452, at page 454. This ruling that the combination of a union with employers in a trade to monopolize the trade is not a legitimate labor activity disposes of the identical issue before us. The labor defendants in No. 10971 invoke the same section, Section 20, 29 U.S. C.A. § 52. And the contention made in No. 10970 invoking Section 6 of the Clayton Act, 15 U.S.C.A. § 17, cannot be distinguished from the Supreme Court's ruling. That section exempts labor unions and their members from charges of violation of the antitrust laws predicated on the organizations' pursuit of legitimate objects. The rule for its application was succinctly stated in Duplex Printing Press Co. v. Deering, 254 U.S. 443, 469, 41 S.Ct. 172, 177, 65 L.Ed. 349, wherein the court said: "The section assumes the normal objects of a labor organization to be legitimate, and declares that nothing in the anti-trust laws shall be construed to forbid the existence and operation of such organizations or to forbid their members from *lawfully* carrying out their *legitimate* objects; and that such an organization shall not be held in itself—merely because of its existence and operation—to be an illegal combination or conspiracy in restraint of trade. But there is nothing in the section to exempt such an organization or its members from accountability where it or they depart from its normal and legitimate objects and engage in an actual combination or conspiracy in restraint of trade. And by no fair or permissible construction can it be taken as authorizing any activity otherwise unlawful, or enabling a normally lawful organization to become a cloak for an illegal combination or conspiracy in restraint of trade as defined by the anti-trust laws." See United States v. Carrozzo, D.C., 37 F.Supp. 191, affirmed United States v. International Hod Carriers, Etc., 313 U.S. 539, 61 S.Ct. 839, 85 L.Ed. 1508; Leader v. Apex Hosiery Co., 3 Cir., 108 F.2d 71, affirmed 310 U.S. 469, 60 S.Ct. 982, 84 L.Ed. 1311.

In No. 10970, the indictment charges that the defendant union and its officers have combined with business contractors to suppress competition in the lathing trade. This is substantially the same charge which the Supreme Court held sufficient in the Plasterers' case No. 440. Nothing remains for our decision; the lower court's decision cannot be affirmed on any ground properly before us, in view of the applicable pronouncements by the Supreme Court.

■ We have examined the averments of the indictments involved. They are extended and detailed in character. In our opinion they comply with the requirements of the Criminal Rules of Procedure and with the standards prescribed by the Supreme Court in such cases as Cochran v. U. S., 157 U.S. 286, 15 S.Ct. 628, 39 L.Ed. 704; Hagner v. U. S., 285 U.S. 427, 52 S.Ct. 417, 76 L.Ed. 861, and U. S. v. De Brow, 346 U.S. 374, 74 S.Ct. 113. In this respect, they differ significantly, we think, from the averments of the indictment involved in United States v. Starlite Drive-In, 7 Cir., 204 F.2d 419.

Both causes are controlled by the intervening decisions by the Supreme Court; they are remanded to the trial court for further proceedings. Butler v. Eaton, 141 U.S. 240, 11 S.Ct. 985, 35 L.Ed. 713.