Richard C. DARNELL, t/a Abbey Personnel Counselors, Appellant,

v.

Emmett H. MARKWOOD, Katherine B. Markwood, Leo M. Bernstein & Co., and Clara B. Sennett, Appellees.

No. 11841.

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 19, 1954.

Decided Dec. 9, 1954.

with foreign nations, with certain exceptions not here material. Section 2 provides that every person who shall monopolize or attempt to monopolize, or combine or conspire with any other person or persons to monopolize any part of the trade or commerce among the several states or with foreign nations shall be deemed guilty of a misdemeanor. Section 3 provides *inter alia* that every contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce in any Territory of the United States or of the District of Columbia is illegal. And Section 15 provides that any person who shall be injured in his business or property by reason of anything forbidden in these anti-trust laws may sue and recover threefold the damages by him sustained.

Mr. Robert S. Moss, Washington, D. C., with whom Mr. Louis P. Haffer, Washington, D. C., was on the brief, for appellant.

Mr. Leonard S. Melrod, Washington, D. C., with whom Messrs. Harry L. Ryan, Jr., and John Monte London, Washington, D. C., were on the brief, for appellees.

Before EDGERTON, WILBUR K. MILLER and FAHY, Circuit Judges.

FAHY, Circuit Judge.

On motion the court dismissed an amended complaint, herein referred to as the complaint, in a civil action under the Sherman Anti-Trust Act,[1] holding that it failed to state a cause of action upon which relief could be granted.

The complaint invokes Sections 1, 2, 3 and 15 of Title 15 U.S.C.A.[2] Section 1 characterizes as illegal every contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce among the several states, or

The complaint alleges in substance that plaintiff is engaged in the business of rendering employment placement and counseling services within the District of Columbia and in interstate and foreign commerce. Defendants Markwood owned an office building in the District, defendant Bernstein was a real estate broker and management agent in the District, and defendant Sennett was employed by Bernstein. These defendants, with certain competitors of plaintiff and other persons unknown, are alleged to have combined and conspired to restrain interstate trade and commerce, and trade and commerce in the District, and to have created a monopoly, all in respect of the business of rendering personnel placement and counseling services. They are said to have done these things by securing control of all office space in the District suitable and desirable for use in such business and excluding plaintiff therefrom, with resulting damage as set forth in the complaint.[3]

1. 26 Stat. 209, as amended 38 Stat. 731, as amended 50 Stat. 693, 15 U.S.C.A. §§ 1, 2, 3, 15.

2. Also 28 U.S.C. § 1337 (1952), which provides: "The district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or pro-

tecting trade and commerce against restraints and monopolies."

3. The motive ascribed for this exclusion of plaintiff is that defendants, and the others referred to, are limiting such office space to those who agree to confine their services of personnel placement and counseling to white persons and to firms

■ While there is the bare reference to interstate trade and commerce the plain implication of the facts alleged is that plaintiff's business is only the furnishing of the described services in the District of Columbia, from which it follows that the activities attributed to defendants do not come within the control of the Commerce Clause, or, therefore, within either Sections 1 or 2 of the Sherman Act.

■ This brings us to Section 3, which, unlike Sections 1 and 2, is not dependent upon the Commerce Clause but rests upon the plenary legislative power of Congress within the District of Columbia. As we have seen this section illegalizes combinations in restraint of trade or commerce in the District of Columbia. The complaint charges defendants not merely, as they contend, with eviction of plaintiff from a particular building, but with combining and conspiring with others, including competitors of plaintiff, to control all suitable and desirable office space for plaintiff's type of business, and to exclude plaintiff from such space. The damage alleged as incurred by plaintiff is that suffered by him in his business and not merely by reason of his membership in the community generally. These allegations state a case under Section 3 and require a responsive pleading. United States v. Employing Lathers Ass'n, 347 U.S. 198, 74 S.Ct. 455. See also, United States v. Johns-Manville, D.C.N.D.Ill., 1 F.R.D. 548, 550. The complaint in this respect is not bad as "in the form of a legal conclusion, without more," Sheridan-Wyoming Coal Co. v. Krug, 83 U.S.App.D.C. 162, 164, 168 F.2d 557, 559. It is factual, and though somewhat general has sufficient specificity to disclose its nature within the meaning of Rule 8(a) (2), Fed.R.Civ.P., 28 U.S.C.

■ The business of plaintiff is the furnishing of a certain type of service within the District of Columbia, and it is well settled that such a business is "trade" within the meaning of Section 3. Atlantic Cleaners & Dyers v. United States, 286 U.S. 427, 434–437, 52 S.Ct. 607, 76 L.Ed. 1204; see, also, American Medical Ass'n v. United States, 317 U.S. 519, 529, 63 S.Ct. 326, 87 L.Ed. 434. And while abuses of price fixing and the like, not here directly involved, have been the traditional criteria of illegality under the Act, there are other indicia of illegal conduct, "of which exclusion of competitors from the market is one, International Salt Co. v. United States, 332 U.S. 392, 396, 68 S.Ct. 12, 92 L.Ed. 20, which are condemned *per se* by Section 2 [here Section 3], regardless of whether or not the position of dominance has been exploited to rig prices", Gamco, Inc. v. Providence Fruit & Produce Bldg., 1 Cir., 194 F.2d 484, 486, 487. Moreover, it is not material under Section 3 that defendants are not themselves competitors of plaintiff if the combination of which they are a part nevertheless restrains competition between those who are competitors. Mandeville Island Farms v. American Crystal Sugar Co., 334 U.S. 219, 236, 68 S.Ct. 996, 92 L.Ed. 1328.

■ It might be thought unlikely that plaintiff can sustain the allegation of complete control of suitable and desirable office space in the District and the claim of his exclusion therefrom; but we are passing now upon the sufficiency of the complaint and not the proof to support it. Furthermore, complete control need not be established, for substantial control of and exclusion from such space, in furtherance of the combination or conspiracy, would suffice. Standard Oil Co. of Cal. and Standard Stations v. United States, 337 U.S. 293, 304, 306, and see notes 7, 8, p. 305, 69 S.Ct. 1051, 1058, 93 L.Ed. 1371. See, also, Gamco, Inc. v. Providence Fruit & Produce Bldg., supra.

Appellees cite District of Columbia Citizen Pub. Co. v. Merchants & Mfr's. Ass'n, D.C.D.C., 83 F.Supp. 994, and Arthur v. Kraft-Phenix Cheese Corpora-

---

and corporations owned and operated by white persons, a limitation to which plaintiff refused to accede. This motive, or purpose, of the alleged exclusion of course does not justify it if it is otherwise illegal.

tion, D.C.Md., 26 F.Supp. 824, as barring the action on the ground that the principal purpose of the antitrust laws is to protect the public. But the test is whether "the restraint is shown to have or is intended to have an effect upon prices in the market or otherwise to deprive purchasers or consumers of the advantages which they derive from free competition." Apex Hosiery Co. v. Leader, 310 U.S. 469, 500, 501, 60 S.Ct. 982, 996, 84 L.Ed. 1311, and cases there cited. The Court quotes Appalachian Coals v. United States, 288 U.S. 344, 360, 53 S. Ct. 471, 77 L.Ed. 825, as follows:

" * * * 'only such contracts and combinations are within the act as, by reason of intent or the inherent nature of the contemplated acts, prejudice the public interests by unduly restricting competition or unduly obstructing the course of trade.' "

See, also, William Goldman Theatres v. Loew's, Inc., 3 Cir., 150 F.2d 738, 743, Id., 3 Cir., 164 F.2d 1021, certiorari denied 334 U.S. 811, 68 S.Ct. 1016, 92 L. Ed. 1742. The restriction unduly prejudices the public interest when it is intended, as here alleged, to eliminate the competition of plaintiff by taking the steps enumerated to exclude him from all suitable and desirable office space, though, as we have said, substantial control and exclusion from such space would suffice.

Reversed and remanded for reinstatement of the complaint as stating a case upon which relief may be granted under 15 U.S.C.A. §§ 3 and 15.

So ordered.

WILBUR K. MILLER, Circuit Judge (dissenting).

Darnell alleges in his complaint that Markwood and his rental agents

" * * * have secured control of all of the office space in the District of Columbia which is suitable and desirable for use in the conduct of the business of furnishing personnel placement and counseling services to the general public, * * *."

It is, of course, obvious that the defendants and their unknown alleged conspirators have not obtained, and cannot obtain, control of all the hundreds of office buildings, large and small, which we judicially know exist in this community of some 850,000 people. Nothing in the complaint indicates that a building must be of any particular type or in any particular location in order to be "suitable and desirable for use in the conduct" of Darnell's business. It follows that, as suitable office rooms are so numerous, it is palpably absurd to say the defendants control all such space and deny Darnell access to it. The extravagant allegation above quoted is, in my opinion, patently incapable of being proved.

Moreover, the plaintiff's claim that the alleged conspirators have damaged him by excluding him from Markwood's building and from "other suitable and desirable office space in the District of Columbia" is belied by the complaint itself, which shows Darnell has obtained another office just a block away from Markwood's building. I would affirm the judgment of the District Court.