Joseph G. **KOLB** et al., Plaintiffs,

v.

**PACIFIC MARITIME ASSOCIATION** et al., Defendants.

No. 35238.

United States District Court
N. D. California, S. D.

May 28, 1956.

Gladstein, Andersen, Leonard & Sibbett, San Francisco, Cal., for plaintiffs.

Lillick, Geary, Olson, Adams & Charles and Richard Ernst, San Francisco, Cal., for Pacific Maritime Assn., and others.

Roos & Jennings, San Francisco, Cal., for Marine Cooks & Stewards.

ROCHE, Chief Judge.

This is a complaint for injunction, damages and declaratory relief brought by three seamen against an association of employers and a labor union in which it is alleged that the defendant employers own, operate or control substantially all of the merchant vessels of American flag registry engaged in interstate and foreign commerce on the Pacific Coast of the United States. It is further alleged that the defendants, both employers and union, have entered into a combination and conspiracy unlawfully and illegally to control the employment on such vessels of their chief stewards and that pursuant to said combination and conspiracy they have entered into certain contracts which require that the employers obtain their chief stewards exclusively through the facilities of the union. It is further alleged that in order to obtain employment through such facilities it is necessary that a chief steward be or become a

member of the defendant union. And finally it is alleged that although plaintiffs have made application to join the defendant union, the defendant union has refused to accept them as members thereof.

As a result of the foregoing, it is alleged that plaintiffs have been deprived of an opportunity to earn a livelihood as chief stewards and they complain that this combination and agreement constitutes a violation of the anti-trust laws. 15 U.S.C.A. §§ 1, 15. It is plaintiff's position that these statutes authorize the maintenance of this suit, that the complaint on its face shows the existence of a contract, combination or conspiracy in restraint of trade, that the plaintiffs have been injured thereby, and that they are entitled to recover.

The defendants have moved for dismissal of the complaint. The issue as it developed at oral argument is whether or not the complaint alleges a violation of the Sherman Anti-Trust Act. If it does not, defendants' motion must be granted.

Taking plaintiffs' assertion to be true, that the complaint alleges an illegal combination between a union and employers to maintain a closed shop and a closed union, there has been no authority cited to the court holding that the coupling of closed shops with closed unions constitutes a violation of the Sherman Act, when there is no design to thereby restrain *commercial competition* by business enterprises. In fact, the controlling decision of this circuit, Courant v. International Photographers, etc., 9 Cir., 1949, 176 F.2d 1000, certiorari denied 1950, 338 U.S. 943, 70 S.Ct. 429, 94 L.Ed. 581, holds that coupling a closed shop with a closed union is not a violation of the Sherman Act.

The fundamental element of plaintiff's contention is that the Sherman Act renders unlawful under *federal law* every activity of a labor union for an "illegitimate purpose" and subjects parties to a collective agreement, to treble damages, at least if the union activity has culmi-

nated in such an agreement. The Supreme Court decision in Apex Hosiery Co. v. Leader, 1940, 310 U.S. 469, 60 S. Ct. 982, 997, 84 L.Ed. 1311, establishes, however, that the Sherman Act applies only to combinations and conspiracies designed to restrict commercial competition among business enterprises. The Court stated:

"A combination of employees necessarily restrains competition among themselves in the sale of their services to the employer; yet such a combination was not considered an illegal restraint of trade at common law when the Sherman Act was adopted, either because it was not thought to be unreasonable or because it was not deemed a 'restraint of trade.' Since the enactment of the declaration in § 6 of the Clayton Act [15 U.S.C.A. § 17] that 'the labor of a human being is not a commodity or article of commerce * * * nor shall such (labor) organizations, or the members thereof, be held or construed to be illegal combinations or conspiracies in restraint of trade, under the anti-trust laws', it would seem plain that restraints on the sale of the employee's services to the employer, however much they curtail the competition among employees, are not in themselves combinations or conspiracies in restraint of trade or commerce under the Sherman Act."

Further the court stated: "It was another and quite a different evil at which the Sherman Act was aimed. It was enacted in the era of 'trusts' and of 'combinations' of businesses and of capital organized and directed to control of the market by suppression of competition in the marketing of goods and services, the monopolistic tendency of which had become a matter of public concern. The end sought was the prevention of restraints to free competition in business and commercial transactions which tended to restrict production, raise prices or otherwise control the market to the detriment of purchasers or consumers of goods and services, all of which had come to be regarded as a special form of public injury."

Plaintiffs do not contend that the alleged combination in this case is designed to restrict commercial competition. The only restraint charged by plaintiffs concerns the competition among workers with respect to the sale of their personal services. Even if it be assumed that the combined action complained of is as plaintiffs argue, it does not restrain commercial competition; nor does Allen Bradley Co. v. Local Union No. 3, 1945, 325 U.S. 797, 65 S.Ct. 1533, 89 L.Ed. 1939, relied on heavily by plaintiffs help their position. Briefly stated that decision held that a combination restricting competition among commercial enterprises with respect to the marketing of their goods and services is not removed from the Sherman Act by the participation of a labor union seeking, as an incident to its participation, legitimate trade union objectives. The coupling of legitimate trade union objectives with unlawful commercial objectives does not save the combination. To the same effect are many other cases cited by plaintiffs: U. S. v. Employing Plasterers' Association, 1954, 347 U.S. 186, 74 S.Ct. 452, 98 L.Ed. 618; U. S. v. Women's Sportswear Manufacturing Association, 1949, 336 U.S. 460, 69 S.Ct. 714, 93 L.Ed. 805; United Brotherhood of Carpenters and Joiners v. U. S., 1947, 330 U.S. 395, 67 S.Ct. 775, 91 L.Ed. 973; U. S. v. Employing Lathers Association, 7 Cir., 1954, 212 F.2d 726; I. P. C. Distributors, Inc. v. Chicago Moving Picture Machine Operators Union, D.C.Ill. 1955, 132 F.Supp. 294; U. S. v. Chattanooga Chapter National Electrical Contractors Association, D.C.Tenn.1953, 116 F.Supp. 509; Hawaiian Tuna Packers, Ltd. v. International Longshoremen's and Warehousemen's Union, D.C.Haw. 1947, 72 F.Supp. 562.

All of these cases reaffirm the Apex holding that the Sherman Act was designed solely to outlaw restrictive commercial practices, but are inappropriately cited to show that the conduct complained of herein comes within the purview of the same Act.

The plaintiffs have also cited Wallace Corp. v. N. L. R. B., 1944, 323 U.S. 248, 65 S.Ct. 238, 89 L.Ed. 216, and Lincoln Federal Labor Union No. 19129 v. Northwestern Iron & Metal Co., 1949, 335 U.S. 525, 69 S.Ct. 251, 93 L.Ed. 212.

The Wallace case arose under the Wagner Act, 29 U.S.C.A. § 151 et seq., not the Sherman Act. Its decision has no relevance to the Sherman Act. In the Lincoln decision the Supreme Court upheld the constitutional power of the states to enact right-to-work laws. However, the Court did not enunciate a paramount public policy of right-to-work to be relied upon in construing the Sherman Act.

In conclusion, Courant v. International Photographers, etc., supra [176 F.2d 1002], states the following which is applicable herein: " * * * there is no suggestion in the complaint that any restraint of interstate trade was intended or was inherent in the acts as was the case in Allen Bradley Co. v. Local Union No. 3, etc., supra. The Sherman Act does not help appellant."

For the foregoing reasons plaintiffs' complaint is hereby dismissed without prejudice to their right to file an amended pleading within twenty (20) days.