**WESTLAB INC., Plaintiff,**

v.

**FREEDOMLAND, INC., Local 3, International Brotherhood of Electrical Workers, and Sound Systems, Inc., Defendants.**

United States District Court
S. D. New York.
July 5, 1961.

Borden & Ball, New York City, for plaintiff. Arnold M. Patent, Flushing, N. Y., of counsel.

Harold Stern, New York City, for defendant Local 3. Harold Stern, Norman Rothfeld, New York City, of counsel.

M. Carl Levine, Morgulas & Foreman, New York City, for defendant Sound Systems, Inc.

LEVET, District Judge.

The defendant Local 3, International Brotherhood of Electrical Workers (hereinafter "Local 3"), moves, pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., to dismiss the instant complaint on the grounds that this court lacks jurisdiction of the subject matter of the action and that the complaint fails to state a claim upon which relief can be granted.

Defendant Sound Systems, Inc. also moves to dismiss the complaint on the same grounds asserted by Local 3.

This is an action to recover treble damages under Section 15 of Title 15 U.S.C.A. In its amended complaint, plaintiff alleges that on or about December 11, 1959, defendant Freedomland, Inc. entered into a contract with plaintiff whereby plaintiff would design, engineer and supply all sound equipment for a recreation park to be constructed by said defendant; that between December 11, 1959 and January 12, 1960, Local 3 advised Freedomland that its members would not perform any work at Freedomland's recreation park if plaintiff were permitted to supply material for this project, since plaintiff did not employ members of Local 3; that defendants Freedomland, Local 3 and Sound Systems, Inc. unlawfully conspired and agreed in restraint of trade in interstate commerce to preclude plaintiff from supplying material for said recreation park and to cause Freedomland to boycott the plaintiff; that on or about January 12, 1960, pursuant to this conspiracy, Freedomland terminated its contract with plaintiff; that Local 3 and Sound Systems, having knowledge of Freedomland's contract with plaintiff, wrongfully induced Freedomland on January 12, 1960 to break its contract with plaintiff and to substitute therefor a contract with Sound Systems under which Sound Systems agreed to employ members of Local 3; that all these acts had the effect of restraining trade in interstate commerce; that as a direct result of the acts of Local 3 and Sound Systems, Freedomland broke its contract with plaintiff; that before said breach plaintiff duly performed all the conditions of said contract; and that plaintiff was damaged by said breach in the sum of $50,000. Plaintiff seeks judgment against the three defendants for treble damages in the amount of $150,-000.

Local 3 contends that Westlab's complaint as against Local 3 must be dismissed because: (1) the anti-trust laws cannot properly be invoked in this case against Local 3, a labor union, for its alleged conspiracy with the other defendants; (2) this court lacks jurisdiction over the subject matter because no facts are alleged which, if proved, would establish that the alleged conspiracy had the effect of restraining interstate commerce; (3) the anti-trust laws do not reach any acts by Local 3, a labor union, no facts having been alleged which, if proved, would establish that competition or prices were affected or were intended to be affected by such acts; and (4) the anti-trust laws do not affect any acts by Local 3, a labor union, there being no allegation of facts which, if proved, would

establish that public injury resulted from such acts.

In summary, the amended complaint alleges that Westlab had contracted with Freedomland to design, engineer and supply certain sound equipment for a recreation park being constructed by Freedomland. Freedomland, Local 3 (whose members were employed on other work at Freedomland's property), and Sound Systems, Inc. (a competitor of Westlab) are said to have conspired to preclude Westlab from supplying materials for Freedomland and to cause Freedomland to boycott plaintiff. As a result, Freedomland terminated Westlab's contract and entered instead into a similar contract with Sound Systems. Plaintiff charges that this conspiracy, agreement, boycott, etc., was in restraint of interstate commerce and constituted an attempt to control the market to the detriment of purchasers and consumers in interstate commerce and restricted the free flow of material, etc., in interstate commerce.

■ Notwithstanding defendant Local 3's contentions, it appears that the complaint does allege a restraint of trade in interstate commerce; an effect on competition or prices, "an attempt to control the market to the detriment of consumers * * *;" and resultant public injury "to deprive purchasers and consumers of the advantage of free competition in interstate commerce."

The exemption afforded labor organizations from the federal anti-trust laws is contained in 15 U.S.C.A. § 17, which provides:

"The labor of a human being is not a commodity or article of commerce. Nothing contained in the antitrust laws shall be construed to forbid the existence and operation of labor, agricultural, or horticultural organizations, instituted for the purposes of mutual help, and not having capital stock or conducted for profit, or to forbid or restrain individual members of such organizations from lawfully carrying out the legitimate objects thereof; nor shall such organizations, or the members thereof, be held or construed to be illegal combinations or conspiracies in restraint of trade, under the antitrust laws."

■ Thus, labor unions and their members are insulated from charged violations of the anti-trust laws predicated on the organization's pursuits of legitimate objects. United States v. Employing Lathers' Ass'n, 7 Cir., 1954, 212 F.2d 726, 730. In that case, the Court of Appeals observed:

"* * * The rule for its application was succinctly stated in Duplex Printing Press Co. v. Deering, 254 U.S. 443, 469, 41 S.Ct. 172, 177, 65 L.Ed. 349, wherein the court said: 'The section assumes the normal objects of a labor organization to be legitimate, and declares that nothing in the anti-trust laws shall be construed to forbid the existence and operation of such organizations or to forbid their members from *lawfully* carrying out their *legitimate* objects; and that such an organization shall not be held in itself—merely because of its existence and operation—to be an illegal combination or conspiracy in restraint of trade. But there is nothing in the section to exempt such an organization or its members from accountability where it or they depart from its normal and legitimate objects and engage in an actual combination or conspiracy in restraint of trade. And by no fair or permissible construction can it be taken as authorizing any activity otherwise unlawful, or enabling a normally lawful organization to become a cloak for an illegal combination or conspiracy in restraint of trade as defined by the anti-trust laws.' See United States v. Carrozzo, D.C., 37 F.Supp. 191, affirmed United States v. International Hod Carriers, etc., 313 U.S. 539, 61 S.Ct. 839, 85 L.Ed. 1508; Leader v. Apex Hosiery Co., 3 Cir., 108 F.2d

71, affirmed 310 U.S. 469, 60 S.Ct. 982, 84 L.Ed. 1311."

Again, in Adams Dairy Company v. St. Louis Dairy Company, 8 Cir., 1958, 260 F.2d 46, 54–55, Circuit Judge Matthes wrote:

"Unions, however, do not enjoy a blanket immunity to liability under the antitrust laws. As stated, if the evidence discloses that a labor organization has acted in conjunction with other business groups for the purpose of securing ends prohibited by the Sherman Act, and was not primarily motivated by labor goals, the union may be liable to private parties, or injunctions may be issued. The union's liability ultimately depends on the facts   *   *   *."

In an analogous setting, United States v. Fish Smokers Trade Council, Inc., D.C.S.D.N.Y.1960, 183 F.Supp. 227, 236, Chief Judge Ryan of this court stated:

"The Clayton and Norris-LaGuardia Acts, raised as a shield by defendants for their otherwise unlawful activities, cannot avail them here. By their very language, these Acts are limited to the pursuit of legitimate objects of labor and labor disputes affecting the employer-employee relationship for the purpose of mutual help, which language encompasses neither disputes over the sales of commodities nor employer help in controlling market and price. Columbia River Packers Ass'n v. Hinton, 315 U.S. 143, 62 S.Ct. 520, 86 L.Ed. 750; Allen Bradley Co. v. Local Union No. 3, supra [1945, 325 U.S. 797, 65 S.Ct. 1533, 89 L.Ed. 1939]."

In United States v. Employing Plasterers' Ass'n, 1954, 347 U.S. 186, 189, 74 S. Ct. 452, 454, 98 L.Ed. 618, Mr. Justice Black declared that "wholly local business restraints can produce the effects condemned by the Sherman Act is no longer open to question. See, e. g., United States v. Women's Sportswear Ass'n, 336 U.S. 460, 464 [69 S.Ct. 714, 93 L.Ed. 805]." See also United States v. Employ-ing Lathers Ass'n, 1954, 347 U.S. 198, 74 S.Ct. 135, 98 L.Ed. 627.

The above cases and others have sustained similar complaints in anti-trust cases involving labor organizations. See Bedford Cut Stone Company v. Journeymen Stone Cutters' Association, 1927, 274 U.S. 37, 47 S.Ct. 522, 71 L.Ed. 916; Buyer v. Guillan, 2 Cir., 1921, 271 F. 65, 16 A.L.R. 216; Irving v. Neal, D.C.S.D. N.Y.1913, 209 F. 471. See also United States v. Lumber Institute, D.C.W.D.Pa. 1940, 35 F.Supp. 191; Decorative Stone Co. v. Building Trades Council, D.C.S.D. N.Y.1927, 18 F.2d 333, affirmed 2 Cir., 1928, 23 F.2d 426, certiorari denied 1928, 277 U.S. 594, 48 S.Ct. 530, 72 L.Ed. 1005.

The thrust of Local No. 3's argument is based more pertinently on plaintiff's alleged inability to prove facts constituting a cause of action rather than to the statement of the claim itself. Such evidentiary considerations are not brought into play by the present motion to dismiss.

The policy of the courts of this circuit regarding pleadings has been admittedly most liberal. See, e. g., Nagler v. Admiral Corp., 2 Cir., 1957, 248 F.2d 319; Dioguardi v. Durning, 2 Cir., 1944, 139 F.2d 774. In the Dioguardi case, supra, 139 F. 2d at page 775, Circuit Judge Clark wrote:

" *   *   * Under the new rules of civil procedure, there is no pleading requirement of stating 'facts sufficient to constitute a cause of action,' but only that there be 'a short and plain statement of the claim showing that the pleader is entitled to relief,' Federal Rules of Civil Procedure, rule 8(a), 28 U.S.C.A. following section 723c; and the motion for dismissal under Rule 12(b) is for failure to state 'a claim upon which relief can be granted.' "

Judge Clark, again speaking for the court in Nagler v. Admiral Corp., supra, rejected the doctrine that an antitrust complaint must " 'state a cause of action instead of merely stating a claim.' " Referring to demands that the pleadings set

forth specific instances of the defendants' alleged wrongdoing, he noted:

"* * * [S]uch pleading of the evidence is surely not required and is on the whole undesirable. It is a matter for the discovery process, not for allegations of detail in the complaint. The complaint should not be burdened with possibly hundreds of specific instances; and if it were, it would be comparatively meaningless at trial where the parties could adduce further pertinent evidence if discovered. They can hardly know all their evidence, down to the last detail, long in advance of trial." 248 F.2d at page 326.

The initial determination must be made on the facts by the trial court. The ultimate facts may be sufficient or insufficient to place liability on Local 3. Nevertheless, this court cannot, at this juncture, state that there is an unquestioned lack of liability on the face of the amended complaint.

The plaintiff appears to have "set forth a prima facie case which, if proved, will force the defendants to their proof in rebuttal." Nagler v. Admiral Corp., supra, 248 F.2d at page 326.

Local 3's motion must, therefore, be denied.

Defendant Sound Systems makes the same motion presented by Local 3 and in effect joins in the arguments advanced by the latter. Sound Systems contends that the same reasons asserted by Local 3 likewise require the granting of Sound Systems own motion to dismiss the instant complaint.

At the outset, Sound Systems is not entitled to whatever statutory exemption privileges may be invoked by Local 3. Moreover, liability against Sound Systems may be predicated, at least as I read the amended complaint, upon its alleged inducement of Freedomland to terminate its contract with Westlab.

Accordingly, the motion of Sound Systems is also denied.

So ordered.