**BLAKE v. TRAINER.**

No. 8781.

United States Court of Appeals
District of Columbia.

Argued Dec. 7, 1944.

Decided Feb. 5, 1945.

On Motion to Tax Costs March 16, 1945.

Mr. P. Michael Cook, of Washington, D. C., with whom Mr. L. Harold Sothoron, of Washington, D. C., was on the brief, for appellant.

Mr. Joseph P. Tumulty, Jr., of Washington, D. C., for appellee.

Before GRONER, Chief Justice, and MILLER and ARNOLD, Associate Justices.

ARNOLD, Associate Justice.

This is an appeal from a judgment on a verdict for the plaintiff in a libel action. Plaintiff was the secretary and business manager of a local union of the marine engineers. Defendant was the secretary-treasurer of the national union with which plaintiff's union was affiliated. The duties of the plaintiff as an officer of the local union included negotiating contracts with steamship lines concerning wages and working conditions.

The background of the alleged libelous statement was as follows: Defendant was editor-in-chief of the magazine of the national union. He published an advertisement in that magazine consisting of a printed application for membership in another organization called the "Diesel Engineers International Association". On reading this advertisement plaintiff wrote a letter of protest to the president of the national union against "accepting advertisements and publishing applications for membership in rival organizations." The president replied that he had been informed by the editor of the magazine that the advertisement did not concern a labor organization but one that was purely social and educational. In his letter he requested the plaintiff to send the names of the members of his local union who had joined in his protest to the defendant, who was editor of the magazine, so that defendant could "try at least to explain to them that piece of advertisement". Plaintiff sent the list.

Thereupon the defendant addressed to the plaintiff a long letter and sent a copy to each member of the local union who had joined in the protest against the advertisement. He also sent it to twenty members of other local unions. The letter explained the advertisement and then went on to attack plaintiff's motives. In the letter were the following statements alleged as libelous: "You are not kidding anyone by trying to make the back door agreement that you made with the U. S. Lines Company on the John Ericcson stick. We will get that case settled some day despite your efforts to block it." The complaint charged that these statements meant and were intended to convey to the members of the plaintiff's union and to the public that plaintiff was disloyal to his union in that he had caused an agreement to be made with the U. S. Lines Company which was in violation of his duties as their representative.

The jury gave a verdict for plaintiff which included punitive damages on account

of express malice. Defendant appeals on two main grounds: (1) failure of the court to grant a motion for a directed verdict at the close of plaintiff's evidence, the contention being that the statement was not libelous, and (2) that the court refused an instruction that the defendant had a qualified privilege in making it.

■ We find no merit in the first ground alleged as error. There was sufficient evidence to justify the jury in concluding that the statement was intended to mean that plaintiff was disloyal to his own union in a matter affecting his duties as an officer.

■ As to the second ground, there is no doubt that an officer of a union has a qualified privilege when he makes a statement informing the union of any supposed dereliction of duty of its officers.[1] A privileged occasion exists when a communication relates to a matter of interest to one or both of the parties to the communication and when the means of publication adopted are reasonably adapted to the protection of that interest.[2]

■ Assuming that the defendant as national officer of the union had an interest in communicating to the local union what he believed to be a dereliction of duty by the plaintiff, we are unable to find that the method of publication used here was a reasonable way of protecting that interest.[3] Had the statement been made at a union meeting for the purpose of provoking an investigation, or had it been made to the officers of the local union for the purpose of informing them of an unwholesome situation, the situation would have been different. But the evidence here justifies the conclusion that defendant's statements attacking plaintiff's integrity were made in retaliation for his protest against the advertisement and not for the purpose of protecting defendant's privileged interest. It also justifies the conclusion that the method of publication

was not a reasonable way of protecting the privileged interest. The trial court heard the evidence and was fully informed of the circumstances. Nothing in the record justifies us in reversing its conclusion that no privileged occasion existed here.

■ We may add that if there was any error in refusing the instruction it is cured by the fact that the jury gave a verdict for punitive damages based on an instruction which properly defined express malice.[4] Such malice as the jury must have found here would destroy the qualified privilege of the defendant if any exsited.[5]

. We have carefully examined all the other contentions and find them to be without merit. Judgment will, therefore, be affirmed.

## On Motion to Tax Costs of Unnecessary Printing against Appellee.

### PER CURIAM.

Appellant, defendant in the court below, has filed a motion in this court to tax costs of printing unnecessary portions of the record against appellee, plaintiff below.

An examination of the papers in the case convinces us that counsel on both sides have misapprehended the purpose of our rules. Since this is of frequent occurrence, we think it proper to make the following observations for the guidance of the bar.

■ In a case where an appellant does not designate for inclusion the complete record but only a portion of the proceedings and evidence, Rule 75(d) of the Federal Rules of Civil Procedure[1] requires him to serve with his designation a concise statement of the points on which he intends to rely. This was the situation here but appellant failed to file a statement of points with his designation. When appellee requested him to comply with the rules, appellant advised opposing counsel that, if

---

1 Boremen v. Power Pub. Co., 1933, 93 Colo. 581, 27 P.2d 749, 92 A.L.R. 1024; Burton v. Dickson, 1919, 104 Kan. 594, 180 P. 216; Wise v. Brotherhood of Locomotive Firemen, etc., 8 Cir., 1918, 252 F. 961. Cf. Caldwell v. Hayden, 1914, 42 App.D.C. 166.

2 Prosser on Torts (1941), § 94, pp. 831-2; 1 Cooley on Torts, 4th Ed., 1932, § 158.

3 See Prosser, supra note 2, pp. 846-47.

4 " * * * the refusal of this request [a request for an instruction on the assumption of risk] appears plainly erroneous.

But this does not result in a reversal of the judgment under review, because by specific findings of fact the jury negatived the hypothesis upon which alone the instruction was based." Kanawha & M. R. Co. v. Kerse, 1916, 239 U.S. 576, 582, 36 S.Ct. 174, 175, 60 L.Ed. 448; Century Indemnity Co. v. Shakespeare, 10 Cir., 1934, 74 F.2d 392.

5 White v. Nicholls, 1845, 3 How. 266, 11 L.Ed. 591, 602; Wise v. Brotherhood of Locomotive Firemen, etc., supra note 1; Newell, Slander and Libel, 4th Ed., 382.

1 28 U.S.C.A. following section 723c.

dissatisfied with the designation, he could file a counter-designation of record. All of this is true; but by his failure to file a statement of points, appellant placed upon appellee a burden which the rule was designed to avoid. As a result appellee designated the balance of the record not included in appellant's original designation. This was permissible in view of appellant's failure to designate his points on appeal. Obviously the underlying purpose of the rule is the elimination of unnecessary matter. But the rule also contemplates that appellant should designate enough of the record to permit full presentation of his points.

 In the present case appellant's first point is that the court should have directed a verdict at the conclusion of plaintiff's case.[2] This, of course, requires the printing of all the material evidence presented by plaintiff.[3] And this was appellant's obligation. Appellant, however, designated for printing only small segments of the testimony, which were clearly insufficient for the presentation of his point. Having failed to comply with the rule, appellant cannot complain if appellee caused portions of the record to be printed which later proved to be unnecessary.

 This, however, does not mean that appellee is entirely relieved of the duty of shortening the printed record. He should see that obviously immaterial portions are omitted. For example, in this case appellee caused to be printed preliminary questions asked of witnesses, such as residence, age, citizenship, general background and experience, etc., which had nothing to do with any points raised on appeal. While no hard and fast rule can be laid down as to how much of the testimony should be printed, counsel should realize that the whole transcript is always available to the court in the hearing of a case. If, therefore, counsel in a genuine attempt to comply with the spirit of the rules fail to print matter which later proves to be material, the court can turn to the transcript in order that justice shall be done, or if necessary the court may require such omitted matter to be printed as a supplemental record or appendix. But it

is expected that counsel on both sides will cooperate to omit from printing all matter not bearing on the points presented on appeal. The use of asterisks to indicate omissions should be encouraged.

 In the present case the portions of the record printed by appellee are too long, but we are inclined to permit the costs to rest largely upon appellant, who had the original responsibility for printing. However, we do not excuse appellee (after being notified of appellant's points following the docketing of the appeal) from the more obvious violation of our rules in the following specific instances: (1) the printing by appellee of colloquy between court and counsel as to the method of introducing an exhibit—the exhibit later being admitted in evidence; (2) colloquy concerning the form of a question, which question was later withdrawn; (3) appellant's objection to a question contained in interrogatories, which objection was overruled and as to which appellant did not complain on appeal; (4) appellant's objections to the reading of defendant's deposition at the trial, which objections were overruled and not questioned on this appeal; (5) colloquy between court and counsel over a question as to plaintiff's reputation, which question was later withdrawn; and (6) printing of arguments of counsel on motion for directed verdict at the close of plaintiff's case and the argument on a similar motion at the conclusion of the case. The cost of printing this material (amounting to 20 pages) will be taxed against appellee.

 The designations of record, being merely devices to get the record prepared, and orders extending time to file the record should not be printed; and since the statement of points must be set forth in appellant's brief, it should not be printed.

We find that government counsel frequently err in following our printing rules, perhaps because the matter of expense is not of immediate concern to them. In any event, we will appreciate a more active cooperation in the future on the part of all counsel in avoiding unnecessary printing.

Motion granted in part.

---

[2] After the motion for a directed verdict at the close of plaintiff's case was overruled, defendant went forward and presented his defense. Having proceeded to put on his defense, defendant thereby waived his objection to the ruling denying his motion for a directed verdict at the close of plaintiff's case.

[3] Cf. Rule 39(b): "In all cases the *appellant shall cause to be printed such parts of the record as may be material to the full presentation of the points presented,* and in all cases shall include the matter required by subdivision (a) of Rule **17.**"