**SHERIDAN–WYOMING COAL CO., Inc.
v. KRUG.
No. 9704.**

United States Court of Appeals
District of Columbia.
Argued Jan. 12, 1948.
Decided March 29, 1948.

Mr. T. Peter Ansberry, of Washington, D. C., with whom Mr. Stephen J. McMahon, Jr., of Washington, D. C., was on the brief, for appellant.

Mr. Roger P. Marquis, of Washington, D. C., Attorney, Department of Justice, for appellee.

Before GRONER, Chief Justice, and EDGERTON and PRETTYMAN, Associate Justices.

PRETTYMAN, Associate Justice.

Appellant was plaintiff in a civil action brought in the District Court to restrain the appellee Secretary from executing and delivering to the Big Horn Coal Company

two mining leases of federal coal land. The Secretary moved to dismiss the complaint upon the ground, among others, that it failed to state a cause of action upon which relief could be granted. The District Court granted the motion upon that ground.

In its complaint plaintiff alleged that it was "engaged in the mining and distribution of sub-bituminous low grade coal in the markets of some twelve western states" and, further, that "it is within the protected class established by * * * Regulation 193.3 [1] having the force and effect of statute." It alleged that that regulation precludes the granting of further leases of public coal lands, unless it be shown that there is an actual need for coal which cannot otherwise reasonably be met. These were the only allegations in the complaint concerning the status and rights of the plaintiff. The claim thus depicted was a general right of the coal industry to be protected against further competition. Under the decisions of the Supreme Court in Alabama Power Co. v. Ickes,[2] and kindred cases,[3] the District Court was clearly correct in holding that claim not one which the courts could entertain. Those cases dispose of appellant's first point, that as a member of the existing coal industry it had a standing to sue for protection against the proposed new lease. Obviously, appellant had no right, derivative from his membership in the existing coal industry, to complain of competition from other coal companies, new or old. Therefore, under those cases, the mere coincidence of some illegality which enables Big Horn to compete, is immaterial.

Appellant's second point is that it is, and has been for some time, a lessee of federal coal lands; that the regulation above mentioned, having the force of a statute, was part of its lease; and that this combination of circumstances created in it a property right which was threatened with invasion by the new lease. Appellant says that the claim thus depicted falls within the doctrine of the Chicago Junction Case [4] and kindred cases [5] and under the general considerations which controlled the Court in deciding Federal Communications Commission v. National Broadcasting Co. (KOA) [6] and similar cases.[7] Those cases involved claimed protection against threatened invasion of special interests, amounting to property rights, created by statute or valid regulation, in persons in certain circumstances, or those having, or granted, contracts or licenses. Under the decisions, those persons were entitled to sue. The difficulty with the contention in the present case is that no such claim was stated in the complaint.[8] Appellant did not allege in its complaint that it was or is the lessee of federal coal lands, or indicate the nature, content or extent of any lease.

The Rules of Civil Procedure [9] provide that a complaint shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief". The Rule was intended to obviate the technicalities of pleading and, particularly, long and verbose allegations of evidentiary facts. With that objective we are in unqualified accord.

---

[1] 43 Code Fed.Regs. § 193.3 (1938) (Dept. of the Interior Regulations Applicable to Coal Permits, Leases, and Licenses Exclusive of Alaska).

[2] 1938, 302 U.S. 464, 58 S.Ct. 300, 82 L.Ed. 374.

[3] Tennessee Electric Power Co. v. T. V. A., 1939, 306 U.S. 118, 59 S.Ct. 366, 83 L.Ed. 543; New Orleans, M. & T. R. Co. v. Ellerman, 1882, 105 U.S. 166, 26 L.Ed. 1015.

[4] Baltimore & Ohio R. Co. v. United States, 1924, 264 U.S. 258, 44 S.Ct. 317, 68 L.Ed. 667.

[5] Frost v. Corporation Commission, 1929, 278 U.S. 515, 49 S.Ct. 235, 73 L.Ed. 483; Germania Iron Co. v. James, 8 Cir., 1898, 89 F. 811.

[6] 1943, 319 U.S. 239, 63 S.Ct. 1035, 87 L.Ed. 1374.

[7] Federal Communications Commission v. Sanders Bros. Radio Station, 1940, 309 U.S. 470, 642, 60 S.Ct. 693, 84 L.Ed. 869, 1037; see Mr. Justice Douglas, dissenting in Scripps-Howard Radio v. Federal Communications Commission, 1942, 316 U.S. 4, 21, 62 S.Ct. 875, 86 L.Ed. 1229.

[8] Perkins v. Lukens Steel Co., 1940, 310 U.S. 113, 125, 60 S.Ct. 869, 84 L. Ed. 1108.

[9] Federal Rules of Civil Procedure, rule 8(a) (2), 28 U.S.C.A. following section 723c.

However, a "claim" cannot be stated in the form of a legal conclusion, without more, such as the above-quoted allegation as to the "protected class". The minimum under the Rule is that the adversary party must be sufficiently advised to prepare his defense, and that the court must be sufficiently informed to determine the question presented. Defenses cannot be made to legal propositions in the abstract, nor do mere legal conclusions present questions upon which the court can pass. Justiciable cases and controversies arise upon facts.[10] The case at bar is an illustration. The court cannot pass upon a contention concerning the content, meaning and effect of a lease, when the plaintiff does not allege in its complaint either the execution or the content of the lease, or, indeed, even that it is a lessee.

■ In the District Court the plaintiff filed a motion for a preliminary injunction and, at the hearing on that motion, filed a paper executed by its counsel and entitled "Affidavit Covering Current Facts in Support of Plaintiff's Complaint and in Support of Plaintiff's Motion for Preliminary Injunction". The court accepted the affidavit for the purpose of deciding the motion, and for that purpose made findings of fact and reached conclusions of law. The affiants said, among other things, "That the Sheridan-Wyoming Coal Company holds a coal mining lease, issued in 1943 (Buffalo 037167 'N'), from the United States to certain public lands located in and around Monarch and Sheridan, Wyoming." Apart from the question whether so general an allegation, if it had appeared in the complaint, was sufficient to place in issue the nature and content of the lease, it seems clear that the affidavit of counsel was not part of the consideration of the District Court upon the motion to dismiss. The defendant did not have to plead to the affidavit, and it had a right to require the court to pass upon the sufficiency of the claim presented by the complaint, and not upon some other claim otherwise presented. The District Court passed upon the claim presented by the complaint, and that is all it was required or empowered to do. The Rule above cited is simple and plain and represents the minimum essential for the orderly presentation, determination and disposition of cases and controversies by the courts.

■ In this court appellant filed a motion for a temporary injunction pending appeal. Appellee opposed and filed an affidavit of the president of Big Horn. Thereupon appellant filed a reply memorandum and some supporting documents, among which were a counter affidavit of its president and a copy of a lease between it and the United States. But the exhibits filed in this court in support of the motion for an injunction pending appeal are not before us on the merits of the appeal. The appellant cannot cure a fatal. defect in its complaint by filing affidavits in this court after it has appealed.

■ Appellant contends that it gains standing to sue by virtue of the proceedings before the Department, to which proceedings it was a party and in which, it alleges, the Secretary conceded that its "legal rights would be invaded if Regulation 193.3 were violated." It cites language from the Chicago Junction Case, supra, as follows: "Moreover, the fact of intervention, allowed as it was, implies a finding by the Commission that the plaintiffs have an interest." [11] Restored to its context, the language quoted obviously does not support appellant's standing to sue. Four sentences earlier in the opinion, Mr. Justice Brandeis found that any party to a proceeding before the Interstate Commerce Commission had a statutory right to sue. And succeeding sentences in the same paragraph show that the implied finding of interest arose, not out of the fact of intervention per se, but because "leave [to intervene] can be granted only to one showing interest" and intervention had been allowed. Appellant here fails to invite our attention to any similar statute or procedural rule applicable to proceedings and parties before the Department of the Interior. And no convincing reason

---

[10] Authorities need hardly be cited, but Aetna Life Ins. Co. of Hartford, Conn., v. Haworth, 1937, 300 U.S. 227, 239 et seq., 57 S.Ct. 461, 81 L.Ed. 617, 108 A.L.R. 1000, is a succinct recent statement.

[11] Supra, note 4, 264 U.S. at page 268, 44 S.Ct. at page 320, 68 L.Ed. 667.

is presented why the Secretary has, by permitting the company's "intervention", conceded its standing to sue. There were no formal "proceedings" with "parties"; at most, the Secretary was merely entertaining appellant's protests. There is nothing which warrants a holding that the Secretary is estopped to raise the claim, which he now strongly espouses, that there is no such standing.

The judgment of the District Court is Affirmed.

EDGERTON, J., concurs in the result.