**HUNT et al. v. CALACINO et al.**

Civ. A. No. 3687–52.

United States District Court
District of Columbia.

July 24, 1953.

Edward F. Daly and Helen V. Dolan, Washington, D. C., for plaintiff.

Leo A. Rover, U. S. Atty. for D. C., Robert M. Scott, Asst. U. S. Atty., and William F. Becker, Asst. U. S. Atty., Washington, D. C., for defendant Royal.

KEECH, District Judge.

This is an action for "slander, assault, unlawful detention and threats" in connection with the alleged unlawful arrest of a minor for larceny and possession of a

stolen watch, in which the plaintiff claims damages on her own behalf and on behalf of her minor son. The case is before the court on the defendant Royal's motion to dismiss the second amended complaint filed June 19, 1953, as to Mrs. Hunt's claim on her own behalf.

Insofar as the complaint relates to Mrs. Hunt's cause of action in her own behalf against the defendant Royal, it alleges in substance that the defendant Royal, under the guise of being a police officer, came to her home and "willfully, wantonly, and maliciously" told her that her son Nolan had committed a felony, namely, larceny and possession of certain stolen jewelry; that Royal informed her that her son had tried to get rid of a stolen watch and had been identified beyond any doubt by three people; that Royal "also put the said Edward Francis Nolan in great fear for while standing in front of him and accusing him of the felony he had his hand inside his coat as though it were on a gun;" that Royal waited at her home until her son returned and "took him outside where Detective Reinhardt was waiting and they then and there drove Nolan to the police station;" that Royal "at that time being in the military service attached to Bolling Air Force Base had no jurisdiction whatsoever over any civilian and thereby maliciously, willfully and wantonly and without just cause caused an unlawful arrest and detention of said Nolan;" that her son was unlawfully detained for more than four and one-half hours; that the defendant Royal threatened her son with long jail sentences unless he admitted the crime; and that as a result of these acts she and her son "were placed in great fear, suffered extreme mental anguish and mental and physical illness, physical discomfort and inconvenience and embarrassment among their friends and neighbors; the reputations of the said Edward Francis Nolan and the plaintiff, Mrs. John Hunt, were greatly damaged; the said Nolan was fired from his job, which at 15 years of age was his first, and his mother, Mrs. John Hunt, was deprived of his services and earnings."

In support of Mrs. Hunt's claim for damages for mental and physical suffering, counsel for plaintiff rely on Clark v. Associated Retail Credit Men, 70 App.D.C. 183, 105 F.2d 62, 65, in which a complaint alleging physical harm caused by the intentional infliction of mental distress was held to state a cause of action. That decision contains the following quotation from Magruder, Mental and Emotional Disturbance in the Law of Torts, 49 Harv.L.Rev. 1033, 1058:

"'We would expect * * * the gradual emergence of a broad principle somewhat to this effect: that one who, without just cause or excuse, and beyond all the bounds of decency, purposely causes a disturbance of another's mental and emotional tranquillity of so acute a nature that harmful physical consequences might be not unlikely to result, is subject to liability in damages for such mental and emotional disturbance even though no demonstrable physical consequences actually ensue.'"

According the most liberal construction to the Clark decision and assuming that it recognizes the emergence of such principle in the District of Columbia, I do not construe the decision as extending the right of recovery to include disturbance of mental and emotional tranquillity caused by acts done to a third person or by accusatory statements with reference to a third person such as those on which the complaint herein is founded.

Conceding that a parent has a cause of action for financial loss through loss of earnings of a minor child resulting from willful torts to the child,[1] the vague allegations of the complaint as to slander, assault, unlawful detention, and threats do not state a cause of action on Mrs. Hunt's behalf against the defendant Royal on any of these grounds.

Reading the complaint as a whole, it shows on its face that the slanderous statements with which Royal is charged were privileged. "A privileged occasion exists when a communication relates to a

1. Anno. 7 L.R.A.,N.S., 518; 45 L.R.A., N.S., 769.

256

matter of interest to one or both of the parties to the communication and when the means of publication adopted are reasonably adapted to the protection of that interest." [2] " 'While a misguided notion as to the defendant's moral obligation or justification to make the statement will not exonerate him, he is privileged to publish it to any person who reasonably appears to have a duty, interest, or authority in connection with the matter.' " [3]

Even if the privilege be deemed qualified so that it would fail if the defendant Royal acted with express malice,[4] the facts recited in the complaint negative plaintiff's general averment that Royal acted with malice.

The caption of the complaint shows that defendant Royal is attached to the Provost Marshal's office at Bolling Field Air Force Base, and plaintiff's points and authorities in opposition to defendant Royal's motion to dismiss the first amended complaint state that Royal is a member of the military Criminal Investigation Department. The only statements attributed to Royal were with reference to a criminal charge, and were made to Nolan in the presence of Detective Reinhardt or to Mrs. Hunt, Nolan's mother. Further, Mrs. Hunt does not allege that the statement that her son had been identified by three people as the person who had brought a stolen watch to the jewelers was false. In fact, plaintiff sues the defendants Calacino, Johnson, and Conway for so identifying her son. The complaint therefore shows on its face that the statements of Royal as to identification of Nolan were true; that he had reason to charge plaintiff's son with the theft, if he did so; and that the publication of the alleged slanderous statements was within the scope of qualified privilege.

■ Similarly, the complaint, although

it charges Royal with malicious prosecution, affirmatively states facts which show that Royal acted on probable cause in accusing Nolan and thus negatives the existence of malice, an essential element of the tort.[5]

As to false imprisonment, the complaint fails to state facts showing that Nolan was restrained against his will in any way by the defendant Royal.

The complaint also fails to state facts showing any assault by the defendant Royal on plaintiff's son.

The only allegation as to threats is that Royal threatened plaintiff's son with "long jail sentences" unless he admitted the crime. The complaint does not connect these alleged threats with plaintiff's claimed financial loss in any way other than by her general conclusion, and no natural connection is apparent from a reading of the complaint as a whole.

Hence, the complaint, although it contains numerous allegations of "willful, wanton, and malicious" acts on the part of the defendant Royal, affirmatively states facts negativing liability on his part for any of such acts.

"The Rules of Civil Procedure [28 U.S. C.A.] provide that a complaint shall contain 'a short and plain statement of the claim showing that the pleader is entitled to relief'. The Rule was intended to obviate the technicalities of pleading and, particularly, long and verbose allegations of evidentiary facts. * * * However, a 'claim' cannot be stated in the form of a legal conclusion, without more * *." [6]

■ For the foregoing reasons the complaint fails to state a cause of action on behalf of Mrs. Hunt against the defendant Royal, and his motion to dismiss will be granted.

2. Blake v. Trainer, 79 U.S.App.D.C. 360, 148 F.2d 10, 12.

3. Watwood v. Stone's Mercantile Agency, Inc., 90 U.S.App.D.C. 156, 194 F.2d 160, 161.

4. White v. Nicholls, 3 How. 266, 44 U.S. 266, 11 L.Ed. 591.

5. Staples v. Johnson, 25 App.D.C. 155.

6. Sheridan-Wyoming Coal Co. v. Krug, 83 U.S.App.D.C. 162, 168 F.2d 557, 558; Marranzano v. Riggs Nat. Bank of Washington, D. C., 87 U.S.App.D.C. 195, 184 F.2d 349; Skovgaard v. United States, D. C.Cir., 202 F.2d 363.