Martin Louie **JOHNS**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 5174.

United States Court of Appeals
Tenth Circuit.

Nov. 3, 1955.

No appearance for appellant.

Robert S. Rizley, Tulsa, Okl. (B. Hayden Crawford, U. S. Atty., Tulsa, Okl., on the brief), for appellee.

Before BRATTON, MURRAH and PICKETT, Circuit Judges.

PICKETT, Circuit Judge.

The appellant Johns was tried, convicted and sentenced with a co-defendant on an indictment charging the interstate transportation of a motor vehicle, knowing it to have been stolen in violation of 18 U.S.C.A. § 2312. The record contains only a portion of the evidence of the prosecution and none of the defense. The appellant's designation required only the inclusion of the testimony of an admitted accomplice, an Agent of the Federal Bureau of Investigation, and a former sheriff of Creek County, Oklahoma.

The appellant has prepared his appeal without the assistance of counsel

and it appears that the principal question which he raises is whether he may be convicted upon the uncorroborated testimony of an accomplice. The prosecution used the testimony of an accomplice, but it is impossible to ascertain whether this testimony was uncorroborated because all the evidence is not before this court. Assuming, however, that it was uncorroborated, there is no absolute rule of law which prevents a conviction on the testimony of accomplices if the jury believes them. The jury should be cautioned in such cases that testimony of accomplices must be carefully scrutinized, weighed with great caution and that too much reliance should not be placed upon it unless corroborated. Caminetti v. United States, 242 U.S. 470, 495, 37 S. Ct. 192, 61 L.Ed. 442; Nilva v. United States, 8 Cir., 212 F.2d 115, certiorari denied 348 U.S. 825, 75 S.Ct. 40; McQuaid v. United States, 91 U.S.App.D.C. 229, 198 F.2d 987, certiorari denied 344 U.S. 929, 73 S.Ct. 499, 97 L.Ed. 715; Hall v. United States, 10 Cir., 109 F.2d 976; Arnold v. United States, 10 Cir., 94 F.2d 499; Reger v. United States, 10 Cir., 46 F.2d 38. The record does not include the court's instructions, and the failure to give an instruction on the uncorroborated testimony of an accomplice is not urged as a ground for reversal.

█ It is suggested that the court erred in overruling the appellant's motion for a directed verdict made at the conclusion of the prosecution's case. Where the question of the sufficiency of the evidence is raised, it is the duty of the appellant to include in the record a complete transcript or statement of the evidence, in the absence of which the question cannot be considered on appeal. Fed.Rules Crim.Proc. rule 39(b), 18 U.S.C.A.; Fed.Rules of Civ.Proc. rule 75(a), 28 U.S.C.A.; Adkins v. E. I. DuPont De Nemours & Co., 10 Cir., 176 F.2d 661, certiorari denied 338 U.S. 895, 70 S.Ct. 234, 94 L.Ed. 550; McBee v. United States, 10 Cir., 126 F.2d 238, certiorari denied 317 U.S. 691, 63 S.Ct. 263, 87 L. Ed. 554; Metropolitan Life Ins. Co. v. Banion, 10 Cir., 106 F.2d 561; Peresipka v. Elgin, Joliet & Eastern Railway Co., 7 Cir., 217 F.2d 182; Blake v. Trainer, 79 U.S.App.D.C. 360, 148 F.2d 10; Zander v. Lutheran Brotherhood of Minneapolis, Minn., 8 Cir., 137 F.2d 17.

█ It appears that after the motion for a directed verdict was denied, the appellant introduced evidence in his defense. The law is settled that when the defense proceeds, an objection to the denial of a motion for a directed verdict is waived and the action of the trial court will not be considered on appeal except where there is manifest error and it is necessary to prevent a miscarriage of justice. Fed.Rules of Cr.Proc. rule 52 (b), 18 U.S.C.A.; Crabb v. United States, 10 Cir., 99 F.2d 325; Keady v. United States, 10 Cir., 62 F.2d 689; Knight v. United States, 5 Cir., 213 F.2d 699; Battle v. United States, 92 U.S.App. D.C. 220, 206 F.2d 440. The record does not disclose such error.

█ The indictment charged three defendants jointly. One pleaded guilty, and the other two stood trial. Johns contends that it was error for the court to require him to be tried with a co-defendant. The record does not disclose that a motion was made for a severance under Rule 14 of the Federal Rules of Criminal Procedure, but had such motion been made, the granting of a severance would have been within the discretion of the trial court and a denial of such motion is error only on abuse of discretion. Edwards v. United States, 10 Cir., 206 F.2d 855; Dauer v. United States, 10 Cir., 189 F.2d 343, certiorari denied 342 U.S. 898, 72 S.Ct. 232, 96 L.Ed. 672; Long v. United States, 10 Cir., 160 F.2d 706; Latses v. United States, 10 Cir., 45 F.2d 949; United States v. Perl, 2 Cir., 210 F.2d 457.

█ It is also urged that the court erred in admitting statements of a co-defendant which implicated the appellant. When the evidence was received, the court instructed the jury that statements made by the co-defendant were to be considered as evidence against the co-

defendant only, and not as evidence against the appellant. With this instruction, admission of the evidence was not error. Lutwak v. United States, 344 U.S. 604, 73 S.Ct. 481, 97 L.Ed. 593; Troutman v. United States, 10 Cir., 100 F.2d 628; United States v. Harris, 7 Cir., 211 F.2d 656, certiorari denied 348 U.S. 322, 75 S.Ct. 34; Robinson v. United States, 93 U.S.App.D.C. 347, 210 F.2d 29.

The foregoing are the only matters presented by the appeal which warrant consideration.

Affirmed.