**PHILADELPHIA DRESSED BEEF CO.**

**v.**

**WILSON & CO., Inc., Enterprise Tallow & Grease Co., Baugh & Sons Co., Keystone Rendering Co., Van Iderstine Co., Edward D. Smith, Sr., Henry J. Smith and Robert E. Smith, individually and doing business as Independent Manufacturing Co., a partnership, Francis X. Smith, doing business as American Rendering Co.**

**Civ. A. No. 20096.**

United States District Court
E. D. Pennsylvania.
June 14, 1956.

Gray, Anderson & Schaffer, Philadelphia, Pa., for plaintiff.

Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., for Wilson & Co., Inc.

Harold B. Lipsius, Philadelphia, Pa., for Enterprise, Tallow & Grease Co.

Charles J. Biddle, Philadelphia, Pa., for Baugh & Sons Co.

George J. Ivins, Philadelphia, Pa., for Keystone Rendering Co.

Morgan, Lewis & Bockius, Philadelphia, Pa., for Van Iderstine Co.

McBride, von Moschzisker & Bradley, Philadelphia, Pa., for H. J. Smith and R. E. Smith.

Brodsky, Brodsky & Brodsky, Philadelphia, Pa., for F. X. Smith.

LORD, District Judge.

This matter is brought before the Court on defendants' motions to sever and dismiss.

This is a treble damage action brought by the plaintiff, a Delaware corporation, an operator of a slaughter house, wherein damages are sought from defendant meat rendering companies for violation of the anti-trust laws. Alleged in the same complaint is a breach of contract claim against Wilson & Co., a Delaware corporation, one of the defendants also charged with violation of the Sherman and Clayton Acts, 15 U.S.C.A. §§ 1 et seq., 12 et seq.

The motions to sever are predicated upon the theory of misjoinder of causes of action; whereas the motions to dismiss are based upon defendants' contentions that plaintiff has not stated a legally recognized cause of action. I shall consider them in that order.

The joinder of claims has been a sore spot in common law and under the Code procedure. Rule 18(a) of the Federal Rules of Civil Procedure, 28 U.S.C. has attempted to dispense with the legal technicalities that plagued common law pleading and to give at the same time greater scope to the old Equity Rule 26. Rule 18(a) provides for joinder of claims as follows:

"(a) Joinder of Claims. The plaintiff in his complaint or in a reply setting forth a counterclaim and the defendant in an answer setting forth a counterclaim may join either as independent or as alternate claims as many claims either legal or equitable or both as he may have against an opposing party. *There may be a like joinder of claims when there are multiple parties if the requirements of Rules 19, 20, and 22 are satisfied.* There may be a like joinder of cross-claims or third-party claims if the requirements of Rules 13 and 14 respectively are satisfied." (Emphasis supplied.)

Rule 18(a) clearly allows joinder of claims as to multiple parties. However, before this joinder can become effective, the requirements of Rule 20(a) must first be met. Rule 20(a) states under what circumstances permissive joinder will be allowable as follows:

"(a) Permissive Joinder. All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action. All persons may be joined in one action as defendants *if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences* and if any question of law or fact common to all of them will arise in the action. * * *" (Emphasis supplied.)

To justify the joinder, plaintiff argues that the alleged breach of contract arose out of the same transaction, occurrence, or series of transactions or occurrences which is also the foundation of the anti-trust claim. As stated expressly in Rule 20, for there to be a proper joinder, the claims must arise out of the same transaction and also involve a question of law and fact common to both claims. This rule is cumulative, and the plaintiff must show a right to relief presenting common questions of law or fact *and* involving the same transaction, occurrence or series of transactions or occurrences. Neiman-Marcus v. Lait, D.C.S.D.N.Y. 1952, 13 F.R.D. 311.

The law applicable to proving that a valid contract was executed and the liabilities of the parties thereunder for a breach of the contract is in no way dependent upon the principles which establish a violation of the anti-trust stat-

utes. One of the elements necessary for stating a valid cause of action in a suit under the anti-trust statutes is proof of a conspiracy and this is entirely different from proving a breach of contract.[1] Accordingly, I am of the opinion that the defendants' motions to sever should be granted. The last sentence of Rule 21 permits the severance and provides that a separate trial may be proceeded with on the severed issue. Federal Housing Administrator v. Christianson, D.C.D.Conn. 1939, 26 F.Supp. 419; F. X. Hooper Co. v. Samuel M. Langston Co., D.C.D.N.J. 1944, 56 F.Supp. 577.

█ Further, since the plaintiff's claim on the contract action against Wilson & Co., Inc. does not involve a federal question, that claim must also be dismissed as well as severed. Pearce v. Pennsylvania Railroad Co., 3 Cir., 1947, 162 F.2d 524. In that case the Court of Appeals for the Third Circuit held that the non-federal cause of action against the individual defendant under the common law of Pennsylvania must be dismissed, since a federal court was without jurisdiction to try the issue. Hurn v. Oursler, 1932, 289 U.S. 238, 245, 246, 53 S.Ct. 586, 77 L.Ed. 1148.

█ With respect to the motions to dismiss, Rule 8(a) (2) of the Federal Rules of Civil Procedure provides that a short and plain statement of the claim showing the pleader is entitled to relief and a demand for judgment for the relief he seeks is sufficient. Foltz v. Moore McCormack Lines, 2 Cir., 1951, 189 F.2d 537. The purpose sought to be achieved by Rule 8(a) (2) is that the adversary party or parties have sufficient notice to prepare their defense and that the Court is sufficiently informed to determine the issue presented. Sheridan-Wyoming Coal Co. v. Krug, 1948, 83 U.S.App.D.C. 162, 168 F.2d 557.

█ In considering the complaint in the instant case, it is the Court's opinion that the defendants are sufficiently apprised of the claim being asserted and their defense can be accordingly prepared. Therefore, I shall deny the motion to dismiss the complaint alleging the conspiracy. However, as stated previously, the motion to sever is granted as to the contract claim and since this Court lacks the required jurisdiction, that claim is accordingly dismissed for lack of jurisdiction.

[1]. For an enlightening analysis of Rule 20 and the effect of misjoinder of parties, see Cramp Shipbuilding Co. v. United States, 3 Cir., 1952, 195 F.2d 848.