MIL-HALL TEXTILE CO., Inc., Plaintiff,

v.

DUN & BRADSTREET, Inc., Defendant.

United States District Court
S. D. New York.
April 4, 1958.

**780**

Samuel G. Litwin, New York City, for plaintiff.

White & Case, New York City, Chester Bordeau, William D. Conwell, New York City, of counsel, for defendant.

DIMOCK, District Judge.

Defendant moves to dismiss the complaint for failure to state a claim. The action is one in libel and the complaint alleges that defendant is a mercantile agency. A mercantile agency has a qualified privilege and is not liable for defamation unless the defamatory matter was uttered with malice or "such a wanton and reckless disregard of the rights of another as is ill will's equivalent." Pecue v. West, 233 N.Y. 316, 322, 135 N.E. 515, 517. The complaint nowhere alleges malice or such wanton and reckless disregard of the rights of another as is ill will's equivalent or facts from which either could be inferred. Defendant therefore argues that plaintiff has spoiled its complaint by admit-

ting therein that defendant is a mercantile agency. The admission is not fatal, however. A mercantile agency is not entitled to the protection of the qualified privilege unless the publication was "in answer to one having an interest in the information sought". Sunderlin v. Bradstreet, 46 N.Y. 188, 191. Nowhere in the complaint does it appear that the publication was not in answer to one having an interest in the information sought so the complaint is not rendered defective by the admission that defendant is a mercantile agency.

Defendant moves to strike out allegations of statements as to litigation and credit rating on the ground that they are not libelous per se and there is no allegation of special damages. It is unnecessary to decide whether or not they are libelous per se because, even if they are not, plaintiff will perhaps prove special damages on the trial. As Chief Judge Clark said in Dioguardi v. Durning, 2 Cir., 139 F.2d 774, 775, "Under the new rules of civil procedure, there is no pleading requirement of stating 'facts sufficient to constitute a cause of action,' but only that there be 'a short and plain statement of the claim showing that the pleader is entitled to relief' " and, as Professor Moore said in an oft quoted statement, 2 Moore's Fed.Prac., 2d Ed., par. 12.08, p. 2245, "A complaint should not be dismissed for insufficiency *unless it appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim.*" It is clear from the pleading that plaintiff wants damages because it thinks that it was defamed by the statements as to litigation and credit rating. If defendant desires to know in advance of trial what special damages plaintiff claims, it can obtain the information by interrogatories or depositions.

Defendant also moves, under Rule 12(f), F.R.Civ.P., that immaterial matter be stricken from the complaint. Such a motion is proper. While, as above indicated, a plaintiff can omit material matters from a complaint with impunity, he cannot insert immaterial

ones without laying himself open to a motion under Rule 12(f), though such motions are granted only when the opposing party is prejudiced by the immaterial allegations. American Machine & Metals v. De Bothezat Impeller Co., D.C. S.D.N.Y., 8 F.R.D. 306.

The complaint is filled with allegations of carelessness such as that defendant should have known the falsity of the published statements. These allegations cannot be justified on the theory that something will be added which will make them relevant as can the allegations of statements which are not libelous per se and which plaintiff may make relevant by proving special damages. Allegations of negligence cannot be relevant under any state of facts which could be proved in support of the claim. If there is no qualified privilege plaintiff need not prove negligence and if there is qualified privilege it will do plaintiff no good to prove negligence. Nothing will do but malice or "such a wanton and reckless disregard of the rights of another as is ill will's equivalent". Pecue v. West, supra. Allegations of negligence and malice would not be complementary to one another as the allegation of special damage would be complementary to the allegation of a publication which was not libelous per se. The necessary proof of malice would need no help from proof of negligence. The allegation of negligence is thus immaterial. The question remains whether the allegations will prejudice defendant if they are permitted to remain. If they remain, defendant must either ignore them or answer them. Under Rule 8(d), F.R. Civ.P., if defendant ignores them, it admits them. If they are true, defendant cannot deny them because one of its attorneys must sign the denial and thereby certify that there is good ground to support it, as stated in Rule 11, F.R.Civ.P. The allegations thus become in substance interrogatories on an immaterial matter.

It may well be that defendant was negligent in making the statements complained of. While such negligence would not subject defendant to liability and thus compulsion of defendant to admit negligence would not force it to admit liability, negligence is intrinsically discreditable and it is prejudicial to require a party to admit in the course of litigation conduct in connection with the subject matter which, though immaterial, is discreditable. The motion to strike out the allegations of negligence is granted.

Another allegation that defendant seeks to have stricken out under Rule 12(f), F.R.Civ.P., is a charge of reckless conduct. It is true that recklessness is not enough to render a defendant liable for his statements. Pecue v. West, supra [233 N.Y. 316, 135 N.E. 517], goes only so far as to say that it is enough if there is "such a wanton and reckless disregard of the rights of another as is ill will's equivalent". Yet recklessness, unlike negligence, might be an ingredient of conduct for which defendant could be held liable. Since the addition of proof that the recklessness was part of "such a wanton and reckless disregard of the rights of another as is ill will's equivalent" would make the allegation of recklessness relevant, that allegation cannot be stricken out as immaterial. The motion to strike out the allegation of reckless conduct is denied.

Defendant also moves, under Rule 12(e), F.R.Civ.P., that the complaint be made more definite on the ground that it is so vague and ambiguous that defendant cannot reasonably be required to frame a responsive pleading. Plaintiff concedes that the complaint should be made more definite and certain. It must specify how many reports are complained of, when each was issued and what each contained.

Settle order on notice.