**Albert E. BRANDT, Plaintiff (Petitioner),**

v.

**UNITED STATES LINES, INC. and National Maritime Union, Defendants (Respondents).**

United States District Court
S. D. New York.

Jan. 28, 1964.

Albert E. Brandt, pro se.

Kirlin, Campbell & Keating, New York City, for defendant, U. S. Lines, James H. Herbert, E. J. Hale, New York City, of counsel.

Cooper, Ostrin, DeVarco & Ackerman, New York City, for defendant National Maritime Union, Herman E. Cooper, H. Howard Ostrin, New York City, of counsel.

FREDERICK van PELT BRYAN, District Judge:

Defendants, United States Lines, Inc. (the Company) and the National Maritime Union (the Union) move to dismiss the complaint for failure to state a claim upon which relief can be granted, (Rule 12(b)(6), F.R.C.P.), and for summary judgment (Rule 56, F.R.C.P.). The action is brought pro se by a former employee of the Company to compel the Union and the Company to arbitrate the propriety of his discharge by the Company.

The basic facts are as follows: In July of 1962, plaintiff applied for membership in the Union, was issued a working card, and obtained employment as a Kosher chef aboard the S.S. United States, a passenger ship owned and operated by the Company. After becoming involved in various difficulties with his superiors aboard ship, he was discharged on October 30, 1962. The reason assigned by the Company for the discharge was his failure properly to perform his duties as a Kosher chef. Claiming that his su-periors were out to get him because he was Jewish and because he had reported a case of pilfering from the ship's stores, and that any failure on his part to discharge his duties properly was the result of inadequate equipment in the Kosher galley, plaintiff complained about his discharge to a union representative. The union representative investigated the facts surrounding the discharge and, although not convinced of the merit of plaintiff's grievance, requested his reinstatement. When reinstatement was refused, plaintiff presented his grievance to officals of the Union who, on two occasions, met with him and discussed his claims. Concluding that his claims were without merit, the Union officials declined to request the Company to arbitrate. Plaintiff then filed charges of unfair labor practices against the Company and the Union with the National Labor Relations Board, and charges of discrimination against the Company with the New York State Commission for Human Rights. The former charges were subsequently withdrawn and the latter charges were found to be without merit and dismissed after investigation by the Commission. Among other things, the report of the investigating Commissioner stated that plaintiff had made previous charges against a Jewish employer claiming to be of the Protestant faith. These had not been sustained either. After the withdrawal of his charges before the Board and the dismissal of his charges by the Commission plaintiff commenced the present action against the Company and the Union to compel them to arbitrate the propriety of his discharge.

At the time of his dismissal plaintiff was covered by a collective bargaining agreement between the Company and the Union. The agreement provided for a five-step grievance procedure culminating in arbitration of those disputes which could not be settled between the Company and the Union.

The law is well settled in this circuit that where a collective bargaining agreement provides for arbitration by an employer and a union of disputes over

984

employee grievances, an individual employee must look to his union initially for the vindication of his rights and, in the absence of a showing that the Union has failed to represent him adequately, may neither compel his employer to arbitrate his grievance, Black-Clawson Co., Inc., Paper Machine Division v. International Association of Machinists, 313 F. 2d 179 (2 Cir. 1962); United States v. Voges, 124 F.Supp. 543 (E.D.N.Y.1954), nor sue for damages for violation of the collective bargaining agreement. Belk v. Allied Aviation Service Co. of New Jersey, Inc., 315 F.2d 513 (2 Cir. 1963).

What remedy the employee has when his union refuses to prosecute his claim is a question which Belk v. Allied Aviation, supra, at p. 516, left open. The Union has a "duty to exercise fairly the power conferred upon it in behalf of all those for whom it acts, without hostile discrimination against them." Steele v. Louisville & N. R. Co., 323 U.S. 192, 203, 65 S.Ct. 226, 232, 89 L.Ed. 173 (1944). Ford Motor Co. v. Huffman, 345 U.S. 330, 337, 73 S.Ct. 681, 97 L.Ed. 1048 (1953). Where the Union refuses to prosecute an employee's claim in good faith and on the basis of a thorough investigation, however, the employee has no cause for complaint, since the "union's right to screen grievances and to press only those it concludes should be pressed is a valuable right, and on balance it benefits all employees." Ostrofsky v. United Steelworkers of America, 171 F.Supp. 782, 790 (D.C.Md.1959), quoted in Black-Clawson, etc. v. International Association of Machinists, supra, 313 F.2d at p. 186.

Construed most favorably to plaintiff, the complaint and the answering papers submitted in opposition to the motion allege that the Union discriminated against plaintiff in the processing of his grievance. Plainly, if the Union is to have latitude to screen grievances and press only those which it considers meritorious, "the complete satisfaction of all who are represented is hardly to be expected. A wide range of reasonableness must be allowed a statutory bargaining representative in serving the unit it represents, subject always to complete good faith and honesty of purpose in the exercise of its discretion." Ford Motor Co. v. Huffman, supra, 345 U.S. at p. 338, 73 S.Ct. at p. 686.

The affidavits submitted by the Union in support of its motion indicate that it made a thorough investigation of the facts surrounding plaintiff's discharge and concluded on the basis of this investigation that his grievance was without merit. Although plaintiff claims discrimination by the Union, he states no facts in support of this allegation and the allegation is an unsupported conclusion. There are no facts alleged from which a court or jury could reasonably find that the Union acted arbitrarily or in a discriminatory manner. It follows that plaintiff has no right to compel arbitration of his grievance, Black-Clawson etc. v. International Association of Machinists, supra; United States v. Voges, supra. Defendants' motions for summary judgment are granted in all respects and judgment will be entered accordingly.

It is so ordered.