Jerome **MANDEL et al., Plaintiffs,**

v.

**HIGHWAY AND LOCAL MOTOR FREIGHT DRIVERS, DOCKMEN AND HELPERS, LOCAL UNION NO. 707,** International Brotherhood of Teamsters, **Yale Transport Corp. and Yale Express System, Inc., Defendants.**

United States District Court
S. D. New York.

Dec. 14, 1964.

Paul F. Lardi, Marvin J. Rosenberg, New York City, for plaintiff.

Cohen & Weiss, New York City, for defendant Local 707; John J. Sheehan, New York City, of counsel.

Zelby & Burstein, Halperin, Shivitz, Scholer & Steingut, New York City, for defendants Yale Transport Corp. and Yale Express System, Inc.; Herbert Burstein, New York City, of counsel.

COOPER, District Judge.

The union moves pursuant to Rule 12 F.R.Civ.P. to dismiss the first cause of action.

Yale Transport Corp. and Yale Express System, Inc. (hereinafter Management) move pursuant to Rule 12 F.R.Civ.P. to dismiss the second, third and fourth causes of action.

This memorandum undertakes to dispose of both motions.

### UNION'S MOTION TO DISMISS

Plaintiffs aver that they now have, and for several years have had, substantial claims and grievances against management arising out of the collective bargaining agreement; that despite its repeated demands over a period of six years, the union constantly failed and

still refuses to prosecute in good faith these claims and grievances against management—thereby breaching its fiduciary duty to plaintiffs.[1] (Complaint ¶¶ 9, 10, 12).

Judge Moore in Belk v. Allied Aviation Service Company of New Jersey, Inc., 2 Cir., 1963, 315 F.2d 513, specifically reserved for future determination the very issue before this Court: Does an employee state a claim under § 301 Labor Management Relations Act, 29 U.S.C. § 185, when he alleges that the union refuses or fails to prosecute in good faith his grievance against the employer, thus breaching its duty? Cf. Brandt v. U. S. Lines, Inc., S.D.N.Y., 1964, 246 F.Supp. 982.

The union contends that plaintiffs' allegations define a breach of duty of fair representation as distinct from a breach of duty under the collective bargaining agreement, and so fails to state a claim cognizable under § 301. As we see it, the allegations contained in the first cause of action are sufficient to state a claim under § 301.

■ The broad authority of the union as exclusive bargaining representative is accompanied by a duty of fair representation, and this duty is "subject always to complete good faith and honesty of purpose in the exercise of its [authority]." Ford Motor Co. v. Huffman, 345 U.S. 330, 337–338, 73 S.Ct. 681, 686, 97 L.Ed. 1048 (1953); Humphrey v. Moore, 375 U.S. 335, 84 S.Ct. 363, 11 L.Ed.2d 370 (1964). Cf. Syres v. Oil Workers

Union, 350 U.S. 892, 76 S.Ct. 152, 100 L.Ed. 785 (1955).

■ The duty imposed upon the union stems from its function under the collective bargaining agreement.[2] The rights of the individual employee are inseparably intertwined with the responsibility of the union to enforce them. A breach of the duty of fair representation gives rise to a claim under § 301. Humphrey v. Moore, supra; International Longshoremen's & Warehousemen's U. v. Kuntz, 9 Cir., 1964, 334 F.2d 165; Bieski v. Eastern Automobile Forwarding Co., D.Del.1964, 231 F.Supp. 710. Cf. Cox, Rights Under a Labor Agreement, 69 Harv.L.Rev. 601 (1956); Summers, Individual Rights in Collective Agreements and Arbitration, 37 N.Y.U.L.Rev. 363 (1962); Federal Protection of Individual Rights Under Labor Contracts, 73 Yale L.J. 1215, 1226–1232 (1964).

■ Viewing the complaint in a light most favorable to plaintiffs, as we must under Rule 12 F.R.Civ.P., an averment of past and continuing claims and grievances arising under the collective bargaining agreement, coupled with an allegation of a breach of the union's fiduciary duty to prosecute these grievances in good faith,[3] sufficiently assert a breach of duty imposed upon the union by the agreement.

■ A union's failure to fairly represent its members at a stage after commencement of the grievance procedure gives rise to a § 301 cause of action. Humphrey v. Moore, supra; International Longshoremen's & Warehousemen's U.

---

1. We are not presented with an allegation which recites that the union's refusal to prosecute was based on its belief that the grievances are too trivial or that it disbelieves plaintiffs' version of the facts; rather it is averred that the union refused to prosecute in good faith. At this stage of the proceedings, the absence of factual detail does not enable us to ascertain whether the union properly exercised its discretion; that issue is properly left for subsequent proceedings. Cf. Ford Motor Co. v. Huffman, supra;

Union News Co. v. Hildreth, 6 Cir., 1961, 295 F.2d 658.

2. We are constrained to follow the majority of the Court in Humphrey v. Moore, supra. Cf. Justice Goldberg's concurring opinion in Humphrey v. Moore, supra. See also, Federal Protection of Individual Rights Under Labor Contracts, supra; Cox, supra; Ferguson, Duty of Fair Representation, 15 LAB L.J. 596 (1964).

3. Complaint ¶ 11.

808

v. Kuntz, supra; Bieski v. Eastern Automobile Forwarding Co., supra.

Surely it would be an anomaly to hold that when the failure of fair representation is brought about by wrongful refusal to initiate the grievance procedure, a claim under § 301 does not lie. The right of access to the grievance process is essential to the protection of the employee's rights under the agreement. In both situations the resultant harm is the same—the employee is denied enforcement of his rights under the agreement.

■ Denial is evermore burdensome when the union is in the sole possession of the mechanism for vindication of his rights. The courts have recognized that to require an employee to submit an issue to the grievance procedure when, as here, he has alleged failure of the union to prosecute his claim, as well as his past futility over many years of effort to have his claim adjusted,[4] is to force him to entrust his representation to the very union which he claims refused him fair representation. Such judicial direction is not available. Woodward Iron Co. v. Ware, 5 Cir., 1958, 261 F.2d 138; United Protective Workers of America v. Ford Motor Co., 7 Cir., 1952, 194 F.2d 997,

1001–1002. Cf. Hiller et al. v. Liquor Salesmen's Union Local No. 2, etc., 2 Cir., 1964, 338 F.2d 778; Samsing v. S & P Company, 9 Cir., 1963, 325 F.2d 719.

■ It is unnecessary for this Court to resolve here whether a violation of the duty of fair representation is an unfair labor practice under the LMRA. Even if it is, or arguably may be, the complaint alleges a violation of the agreement and is therefore within the cognizance of this Court. Humphrey v. Moore, supra, 375 U.S. at p. 334, 84 S.Ct. 363; Smith v. Evening News Assn., 371 U.S. 195, 83 S.Ct. 267, 9 L.Ed.2d 246 (1962).

### MANAGEMENT'S MOTION TO DISMISS

■ Plaintiffs allege[5] in three separate causes of action that management has refused to honor the seniority system; paid inadequate wages; required plaintiffs to operate defective and hazardous equipment.[6] [Complaint ¶¶14, 16, 18].

There is judicial support for the proposition that where the employer "conspires" either by its "silence" or wilfully with the union to deprive an employee of fair representation a claim arises

---

4. While we would prefer greater elucidation in place of the sparingly pleaded allegation here, the absence of an underlying recital of the instances where lack of good faith has been demonstrated is not adequate cause to dismiss the complaint.

Under the new rules of civil procedure, required only is a short statement showing that the pleader is entitled to relief and that the adversary party is sufficiently advised to prepare his defense. Sheridan-Wyoming Coal Co. v. Krug, 1948, 83 U.S.App.D.C. 162, 168 F.2d 557; Dioguardi v. Durning, 2 Cir., 1944, 139 F.2d 774, 775.

"A complaint should not be dismissed for insufficiency unless it appears to *a certainty that plaintiff* is entitled to no relief under *any state of facts* which could be proved in support of the claim." [Emphasis supplied]. So ruled Judge Dimock in Mil-Hall Textile Co. v. Dun & Bradstreet, Inc., S.D.N.Y., 1958, 160 F. Supp. 778, 780, citing with approval 2

Moore's Fed.Prac.2d Ed., par. 12.08 p. 2245.

In Bieski v. Eastern Automobile Forwarding Company, supra, 231 F.Supp. at p. 715 n. 34, 35, the complaint apparently contains only the bald allegations of conspiracy and breach of fair representation. See also, Humphrey v. Moore, supra, 375 U.S. at p. 348, 84 S.Ct. 363, 11 L.Ed.2d 370.

5. As we see it, plaintiffs failure to plead the provisions of the grievance procedure is not fatal here. The complaint does not deal with the validity of an arbitration award under the agreement, but rather with the union's failure to invoke such grievance procedure. Cf. Oil, Chemical & Atomic Workers International Union, AFL-CIO v. Delta Refining Company, 6 Cir., 1960, 277 F.2d 694.

6. We find it unnecessary to our decision to resolve the other arguments offered by management as to the defects of the complaint.

against the employer under § 301. Humphrey v. Moore, supra; International Longshoremen's & Warehousemen's U. v. Kuntz, supra; Bieski v. Eastern Automobile Forwarding Co., supra, 231 F. Supp. at 715.

The majority of the Court in Humphrey v. Moore, supra, believed (375 U.S. p. 343, 84 S.Ct. p. 368) that the make-up of the Joint Committee there, coupled with the non-implementation of the award at the time of filing of the complaint, "put Dealers on notice that the union was charged with dishonesty and a breach of duty in procuring the decision of the Joint Committee."

None of those factors are present here. Plaintiffs neither allege that management conspired in any manner with the union to deprive them of their rights under the agreement nor that it has refused to submit plaintiffs' claims to the grievance procedure provided by the collective bargaining agreement.

As we see it, to allow a § 301 suit to lie against an employer when a union is alleged to breach its duty of fair representation, complicity in the breach must be averred or at the very least gleaned from the complaint. Neither circumstance is present in the instant case. Cf. Humphrey v. Moore, supra, 375 U.S. at pp. 343 & 356–358, 84 S.Ct. 363; Bieski v. Eastern Automobile Forwarding Co., supra, 231 F.Supp. at p. 715; Ferguson, footnote 2, at p. 596; Individual Rights and Labor, supra, at 1226–1239; Blumrosen, Individual Rights Under Collective Contracts—What Should the Rule Be? 15 LAB L.J. 598, 600 (1964). See also Ford Motor Co. v. Huffman, supra; Hiller v. Liquor Salesmen's Union Local No. 2, etc., supra, 338 F.2d 778.

Union's motion to dismiss the first cause of action is denied.

Management's motion to dismiss causes of action 2, 3, 4 is granted.

Settle order promptly on three (3) days notice.